OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Douglas Rawson, appeals the decision of the Jefferson County Court of Common Pleas that found him guilty of felonious assault and sentenced him to two years imprisonment. On appeal, Rawson argues the trial court erred by refusing to specifically instruct the jury on the defense of mistake of fact.
 {¶ 2} Ignorance or mistake of fact is a defense if it negates a mental state required to establish an element of a crime. In this case, the trial court instructed the jury on what "knowingly" means and the mistake of fact defense is implicit in this instruction. Furthermore, the only fact which Rawson was mistaken about, according to his own testimony, is the identity of his victim. This mistake does not negate any element of the offense. Accordingly, the trial court did not err when it refused to give that instruction. The trial court's decision is affirmed.
 Facts {¶ 1} On August 7, 2004, Greg Metcalf was celebrating at the Mingo Community Days in Mingo Junction, Ohio, with his wife and some friends. The street fair ended at about 11:00 p.m. that night and the group went to the Town House, a restaurant and bar in Mingo Junction, to listen to a band. Sometime after midnight, Metcalf had to go to the restroom, but when he arrived at the men's room, he noticed a man was using the facilities. So he waited in the hall and spoke with a woman he knew, Virginia Ruckman, who was waiting to enter the ladies' restroom with a friend of hers. After the man left the restroom, Metcalf entered it.
 {¶ 2} Rawson was also at the Town House that evening with his wife and some friends, Virginia Ruckman among them. At some point Ruckman accompanied Rawson's wife, Kelly Quinn, to the restroom. While they were standing outside, they spoke with Metcalf. According to Rawson, he saw this from across the bar and mistook Metcalf for one of his stepdaughter's friends. Those friends would commonly pretend to flirt with Quinn and Rawson would good-naturedly pretend to be angry with them for doing so. According to Rawson, since he believed that Metcalf was one of those friends, he thought he would good-naturedly tease him about flirting with Rawson's wife and headed to the restroom.
 {¶ 3} Metcalf testified that as he was getting ready to use the facilities a man walked in and struck him in the face. Metcalf's memory was hazy after the initial blow, but other witnesses testified that they saw Metcalf crawling out of the restroom while Rawson was standing over him kicking him.
 {¶ 4} Rawson testified that he went into the restroom, slammed his hand against the wall, and said something along the lines of, "Stop hitting on my old lady." He then said that he saw Metcalf's face and discovered his mistake. According to Rawson, he turned to leave the restroom when Metcalf started punching him. Rawson said he never struck Metcalf. He further testified that they each fell out the restroom door and that Metcalf fell onto Rawson's feet. He denied kicking Metcalf.
 {¶ 5} After the incident, Rawson had superficial injuries, a cut lip and bruises. He did not require medical attention before leaving the Town House. Metcalf was covered in blood and required immediate medical attention. Metcalf's nose and teeth were broken and displaced and he was suffering from numerous scrapes and bruises. A doctor subsequently performed surgery on Metcalf to fix his broken nose and a dentist had to repair his teeth.
 {¶ 6} The Jefferson County Grand Jury indicted Rawson for one count of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony, on October 6, 2004. The matter proceeded to a jury trial. Before the trial court gave the jury its instructions, Rawson requested that the trial court instruct the jury on the defense of mistake of fact, among other things. The trial court denied this request. The jury found Rawson guilty and the trial court sentenced him to the minimum prison sentence for a second degree felony.
 Mistake of Fact {¶ 1} Rawson's sole assignment of error on appeal argues:
 {¶ 2} "The trial court abused its discretion by failing to instruct the jury on the defense of mistake of fact."
 {¶ 3} Rawson believes the trial court failed to give all necessary instructions to the jury. R.C. 2945.11 requires that a trial court's jury charge "state to it all matters of law necessary for the information of the jury in giving its verdict." R.C. 2945.11. This means its instructions "must fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." State v. Comen, 50 Ohio St.3d 206, paragraph two of the syllabus.
 {¶ 4} Parties can request that the trial court instruct the jury on a particular matter. "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests." Crim.R. 30(A). However, a trial court may omit any requested instructions if it is not a correct, pertinent statement of the law appropriate to the facts governing the case. State v. Scott
(1986), 26 Ohio St.3d 92, 101; State v. Nelson (1973),36 Ohio St.2d 79, paragraph one of the syllabus. Furthermore, the trial court need not give the requested jury instruction verbatim, even if a requested instruction is a correct, pertinent statement of the law, as long as the instruction it gives is substantively the same as the requested instruction. Id.
 {¶ 5} When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested jury instruction constituted an abuse of discretion under the facts and circumstances of the case. State v. DeMastry,155 Ohio App.3d 110, 2003-Ohio-5588, at ¶ 72, citing State v. Wolons (1989),44 Ohio St.3d 64, 68. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 6} Rawson's argument that the trial court erred by not including a jury instruction on the defense of "mistake of fact" fails for the following two reasons: 1) the trial court's jury instructions accurately described the mental state required to commit a felonious assault, and 2) the facts in the case do not demonstrate that Rawson was mistaken about any fact which would show that he did not have the requisite mental state.
 {¶ 7} "Ignorance or mistake of fact is a defense if it negates a mental state required to establish an element of a crime." State v. Pecora (1993), 87 Ohio App.3d 687, 690. It can only be used as a defense "to specific intent crimes such as theft since, when the defendant has an honest purpose, such a purpose provides an excuse for an act that would otherwise be deemed criminal." State v. Snowden, 7 Ohio App.3d 358, 363, citing Farrell v. State (1877), 32 Ohio St. 456. In other words, mistakes of fact can, in an appropriate circumstance, negate either the "knowingly" or "purposely" elements of a criminal offense. Id.; see also State v. Pinkney (1988),36 Ohio St.3d 190.
 {¶ 8} Rawson was convicted of violating R.C. 2903.11(A)(1), which provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." Thus, the defense of mistake of fact could negate an element of this offense. He requested that the trial court give the following instruction:
 {¶ 9} "Unless the defendant had the required knowledge he is not guilty of the crime of felonious assault.
 {¶ 10} "In determining whether the defendant had the required knowledge you will consider whether he acted under a mistake of fact regarding his conduct in relation to Gregory R. Metcalf.
 {¶ 11} "If the defendant had an honest belief arrived at in good faith in the existence of such facts and acted in accordance with the facts as he believed them to be, he is not guilty of felonious assault as knowledge of the result or nature of his conduct is an essential element of that offense."
 {¶ 12} The trial court refused to give that instruction. Instead, it instructed the jury on how to assess Rawson's state of mind.
 {¶ 13} "Knowingly: A person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result or he is aware that his conduct will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 {¶ 14} "Since you can not look into the mind of another, knowledge is determined from all the fact and circumstances in evidence. You will determine from these facts and circumstances whether there existed at the time in the mind of the Defendant an awareness of the probability that his conduct would probably cause serious physical harm to Mr. Metcalf."
 {¶ 15} Although the trial court did not give the instruction Rawson requested, the instruction it gave incorporates the defense of "mistake of fact" into the definition of knowingly. It tells the jury to consider the facts and circumstances in the case to determine whether Rawson knew at the time that his conduct would seriously harm Metcalf. Under the terms of this instruction, if Rawson was mistaken about a fact which would nullify the "knowingly" element of the offense, then the jury should acquit him. Thus, although the trial court did not highlight that particular defense or use the proposed instruction verbatim, the instruction given is substantively the same as the requested instruction.
 {¶ 16} Importantly, a mistake of fact defense clearly cannot apply to the facts in this case, even if we only considered the facts in the light most favorable to Rawson. Rawson testified that he saw Metcalf talking to his wife and her friend and mistook him for a friend of Rawson's stepdaughter. A common joke between Rawson and his stepdaughter's male friends was that he would angrily tell them, "Hey, you better not be hitting on my wife." He decided to play this same joke now. Rawson "slammed open the door to the bathroom" and hit the partition separating the urinal from the toilet while saying, "Hey, what are you doin' hitting on my old lady." Rawson testified that he then pushed Metcalf, discovered that he had mistaken Metcalf for one of his stepdaughter's friends, and turned to leave the bathroom. He said that Metcalf then turned around and hit him in the jaw. Rawson said he put his arm up to protect himself and Metcalf hit his arm. Rawson then pushed Metcalf into the wall and turned to leave the bathroom again. Metcalf grabbed his shoulder from behind, the two wrestled and fell in different directions, and Rawson's arm struck something, but he did not know what it struck. He and Metcalf then tried getting out the door. On the way out of the bathroom door, Metcalf fell down in front of Rawson's feet. Rawson denied kicking Metcalf while he was on the ground. He also denied having ever punched Metcalf with his fists.
 {¶ 17} This version of events is completely inconsistent with a mistake of fact defense. The crime for which he was convicted required him to knowingly cause serious physical harm to another. The only fact which Rawson was mistaken about was the identity of the man he spoke with in the bathroom, but this fact is unrelated to any of the elements of the crime he committed. Thus, a mistake of fact defense is simply inapplicable in this situation.
 {¶ 18} The jury instruction given by the trial court implicitly incorporated the mistake of fact defense. Moreover, that defense is inapplicable to the facts of this case. Accordingly, Rawson's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.