OPINION
{¶ 1} Defendant-appellant, Larry J. Smith, appeals from the judgment of the Fayette County Court of Common Pleas which, following a jury trial, found him guilty of felonious assault. For the reasons set forth below, we affirm appellant's conviction.
 {¶ 2} Appellant was charged with felonious assault and aggravated robbery in connection with an incident involving a beating and robbery or attempted robbery of another man. A jury found appellant guilty of felonious assault and not guilty of the aggravated *Page 2 
robbery charge. Appellant presents four assignments of error for our review in this appeal of his conviction.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE JURY'S VERDICT OF GUILTY ON THE CHARGE OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other; weight is not a question of mathematics, but depends on its effect in inducing belief. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 6} A court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id.; State v. Blanton, Madison App. No. CA 2005-04-016, 2006-Ohio-1785, ¶ 7. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment on the weight of the evidence in a jury trial. Thompkins at 389.
 {¶ 7} The state presented testimony from the victim that he met appellant and Gary Kuhn in a bar and asked them for a ride. The victim testified that appellant drove the vehicle with the victim in the front passenger seat and Kuhn in the rear passenger area. The victim testified that appellant stopped the car in the road and both men repeatedly struck him and demanded his cash.
 {¶ 8} A couple testified that they live in a home on the street where the incident occurred and witnessed part of the incident from their window. The husband testified that *Page 3 
while it was too dark to identify faces, he was able to see two individuals beating a third person. The couple testified that they heard someone numerous times demanding money and another voice say he did not have any money.
 {¶ 9} The husband testified that the person being beaten eventually fell to the ground and the two individuals were kicking him when police arrived at the scene. On cross-examination, the husband said he had the impression that the two men beating the third believed they were owed the money. The husband acknowledged that he observed a van sitting at a stop sign near the scene of the incident, but did not observe anyone emerge from or return to the van.
 {¶ 10} The first Washington Court House police officer on the scene testified that she observed both men punching the victim as she arrived and heard one individual issue a threat if money was not provided. The officer indicated that both men did not initially respond to her order to drop to the ground, and appellant got back into the vehicle briefly before complying with her orders.
 {¶ 11} There was testimony about and photographs of blood found inside the vehicle and on the outside of the vehicle and the victim's boot wedged under the lower portion of the dash in the front passenger area. Photographs were also introduced to show the condition of the victim and the blood found on appellant and Kuhn. Approximately $30 in cash was found in Kuhn's hand and $100 was also found on the ground. The victim's brother testified that he provided approximately $150 to the victim in the days just before the incident.
 {¶ 12} Physicians testified that the victim suffered a concussion and an injury to his left eye and sinus area. The victim was transferred to a hospital in Columbus and required surgery for a fractured orbital bone.
 {¶ 13} An employee at the bar testified that he knew all three men, and was familiar with the victim's reputation as a "rip off." The employee said he "referred" appellant and *Page 4 
Kuhn to the victim because the two men were looking to "get something" to party. Appellant's girlfriend testified that she provided a $100 bill to Kuhn after the victim said he would take appellant and Kuhn to buy some drugs.
 {¶ 14} A police officer testified that appellant later described the incident, stating that the three men were going to buy drugs, and the victim was "ripping them off." Evidence was also introduced that the medical personnel received information that the victim said a car door was slammed against his head and the incident occurred outside of a bar. There was also some evidence regarding a third person allegedly involved in the incident.
 {¶ 15} Appellant argues that because the jury found him not guilty of the robbery, they did not believe the victim and a conviction for felonious assault was inconsistent with the credible evidence.
 {¶ 16} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus. A jury may believe or disbelieve any witness or accept part of what a witness says and reject the rest. State v. Antill (1964), 176 Ohio St. 61, 67. "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 17} After reviewing the record, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice when it found that appellant committed the offense of felonious assault by knowingly causing serious physical harm to the victim. See R.C. 2903.11(A)(1). Appellant's first assignment of error is overruled.
 {¶ 18} Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED BY REFUSING TO INSTRUCT THE JURY ON THE ELEMENTS OF AGGRAVATED ASSAULT, AS A MITIGATING CIRCUMSTANCE TO *Page 5 
THE CHARGE OF FELONIOUS ASSAULT."
 {¶ 20} The aggravated assault statute of R.C. 2903.12(A)(1), states, in part, that no person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause serious physical harm to another.
 {¶ 21} Aggravated assault, as statutorily defined, is an inferior degree of the indicted offense of felonious assault because its elements are identical to those of felonious assault except for the additional mitigating element of serious provocation. State v. Deem (1988),40 Ohio St.3d 205, 210-211.
 {¶ 22} In order to warrant an instruction on the inferior degree offense of aggravated assault, the alleged provocation must have been reasonably sufficient to incite sudden passion or rage. Id. (provocation must be reasonably sufficient to bring on extreme stress and must be reasonably sufficient to incite or to arouse the defendant into using deadly force; in determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time).
 {¶ 23} The initial inquiry requires an objective standard: "For provocation to be reasonably sufficient, it must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." State v. Shane (1992), 63 Ohio St.3d 630, 635. If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in this particular case actually was under the influence of sudden passion or in a sudden fit of rage. Id. at 634 (if insufficient evidence of provocation is presented, so that no reasonable jury could decide that an actor was reasonably provoked by the victim, the objective portion of the consideration is not met, and no subsequent inquiry *Page 6 
into the subjective portion, when the defendant's own situation would be at issue, should be conducted).
 {¶ 24} A jury instruction on the lesser offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser offense.Shane at 632; State v. Eldridge, Brown App. No. CA2002-10-021,2003-Ohio-7002, ¶ 20.
 {¶ 25} A review of the record indicates that appellant's argumentsat trial [emphasis added] ranged from the assertion that someone else caused the injury to the victim to the contention that the victim was stealing from them and the theft was sufficient provocation to incite appellant into using deadly force.
 {¶ 26} We find the trial court did not err in refusing to instruct the jury on the offense of aggravated assault, as appellant failed to show the provocation was reasonably sufficient to incite appellant into using deadly force. Further, the evidence presented at trial would not reasonably support both an acquittal on the crime charged and a conviction on the lesser offense. See State v. Fulmer,117 Ohio St.3d 319, 2008-Ohio-936, ¶ 72 (trial judge is in the best position to gauge the evidence before the jury and is provided the discretion to determine whether the evidence adduced at trial was sufficient to require an instruction); see State v. Marcum, Columbiana App. No. 04 CO 66,2006-Ohio-7068, ¶ 49 (theft of personal property is not the type of provocation that satisfies the provocation element in aggravated assault).
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "THE TRIAL COURT ERRED BY REFUSING TO ADMIT DEFENDANT'S WRITTEN STATEMENT INTO EVIDENCE."
 {¶ 30} Appellant argues that the police officer who took his voluntary statement used *Page 7 
the statement to refresh her recollection at trial and the statement should have been admitted into evidence. See Evid. R. 612 (writing to refresh memory).
 {¶ 31} A review of the record shows that the officer testified from memory in the state's direct examination about appellant's statements. See, also, Evid. R. 801(D)(2). On cross-examination, appellant's attorney showed the officer appellant's written statement and proceeded to ask the officer to verify whether appellant made certain statements that the victim asked for money and then grabbed the money and tried to exit the vehicle.
 {¶ 32} Appellant's trial counsel acknowledged at trial that the statement was not used to refresh the officer's recollection, and the record does not support appellant's contention on appeal that appellant's voluntary statement was used to refresh the officer's memory. Therefore, Evid. R. 612 is not applicable here, and appellant failed to argue on appeal any other basis for admission of the statement. See State v. Hamilton, Lake App. No. 2000-L-003, 2002-Ohio-1681 (state was able to present witnesses to testify regarding appellant's statements, as these statements, when offered by the state, were admissions by a party-opponent, which are not hearsay pursuant to Evid. R. 801(D)(2); however, statements were hearsay when appellant attempted to have admitted his own out of court statements offered to prove the truth of the matter asserted).
 {¶ 33} The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice. State v. Noling, 98 Ohio St.3d 44, 52,2002-Ohio-7044; Evid. R. 103.
 {¶ 34} The trial court did not abuse its discretion by excluding appellant's statement. Appellant's third assignment of error is overruled.
 {¶ 35} Assignment of Error No. 4:
 {¶ 36} "THE TRIAL COURT ERRED BY REFUSING TO ALLOW THE DEFENDANT *Page 8 
TO QUESTION THE VICTIM REGARDING A PRIOR ADJUDICATION OF INSANITY."
 {¶ 37} The record in this case indicates that during cross-examination of the victim, appellant asked whether the victim was "the subject of the judicial determination that you were insane." The state objected. A sidebar was held, but not recorded or transcribed.
 {¶ 38} The state's objection was sustained on the record. The question posed by appellant's counsel was never stricken. Appellant later proffered evidence that the victim had entered into a stipulation resulting in a not guilty by reason of insanity finding in a criminal case in 1997.
 {¶ 39} Appellant argues that it was error not to admit the adjudication of insanity because the victim's credibility was at issue. As we previously noted, a trial court has broad discretion in the admission and the exclusion of evidence and the decision will not be overturned unless the trial court abused its discretion and appellant is materially prejudiced thereby. Noling at 52. Cross-examination of a witness is a matter of right, but the extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. State v. Brinkley, 105 Ohio St.3d 231,2005-Ohio-1507, ¶ 109.
 {¶ 40} We note from the record that appellant's trial counsel questioned the victim who acknowledged that he had previous trafficking, forgery and theft convictions, as well as an admission that he used a painkiller for his bad back during the time of the incident. Appellant also placed into evidence testimony from the victim that the victim was receiving disability payments because of a psychiatric condition. The victim indicated that the psychiatric condition was "[m]y mental capacity is kind of slow."
 {¶ 41} Accordingly, we find that appellant was able to bring before the jury issues affecting the victim's credibility, that the adjudication of insanity was not close to the time of the incident or the trial, and, finally, that the state's case for felonious assault did not rely solely on the victim's testimony. We are unconvinced by appellant's argument and case law *Page 9 
that the trial court abused its discretion, or that appellant was prejudiced by the trial court's decision. Appellant's fourth assignment of error is overruled.
 {¶ 42} Judgment affirmed.
 BRESSLER and POWELL, JJ., concur. *Page 1