[Cite as *State v. Parrett*, 2014-Ohio-4524.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY



| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2014-02-002 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 10/13/2014 |
| - vs - | | |
| | : | |
| TIMOTHY J. PARRETT, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 13CRI00071


Jess C. Weade, Fayette County Prosecuting Attorney, James B. Roach, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Bryan S. Hicks, P.O. Box 359, Lebanon, Ohio 45036, for defendant-appellant



**S. POWELL, J.**

{¶ 1} Defendant-appellant, Timothy J. Parrett, appeals from his conviction in the Fayette County Court of Common Pleas for one count of failure to appear. For the reasons outlined below, we affirm.

{¶ 2} On March 4, 2013, Parrett entered a guilty plea in Case No. 12CR100154 to two counts of forgery in violation of R.C. 2913.31(A)(2) and R.C. 2913.31(A)(3), both fifth-degree felonies; one count of passing bad checks in violation of R.C. 2913.11(B), also a fifth-

degree felony; and one count of petty theft in violation of R.C. 2913.02(A)(3), a first-degree misdemeanor. Parrett also entered a guilty plea in Case No. 12CR100155 to theft by deception in violation of R.C. 2913.02(A)(3), another fifth-degree felony. Following his guilty pleas, the trial court sentenced Parrett to serve a total aggregate one-year prison term.

{¶ 3} Shortly after handing down its sentence, the trial court agreed to release Parrett on a recognizance bond until March 8, 2013 at 8:00 a.m., when Parrett was explicitly instructed to appear at the Fayette County jail to begin serving his one-year prison sentence. Specifically, the trial court instructed Parrett as follows:

> JUDGE: All right the terms of this bond are that it says and these are preprinted forms that you will show up Friday at 8:00 a.m. in this Court room for a hearing, but there will not be a hearing because I will be telling you at the conclusion of the hearing that you will report to the jail Friday morning at 8:00 to be taken into custody so * * * you will not be coming to the Court room, your order of the Court will supersede this bond and will tell you to go to the jail at 8:00.
>
> PARRETT: Okay.
>
> JUDGE: So, I have your word that you will appear at the jail at 8:00 if I give you this furlough?
>
> PARRETT: I will be there.

{¶ 4} Despite these explicit instructions, it is undisputed that Parrett did not appear at the Fayette County jail as instructed by the trial court. Rather, Parrett was arrested several days later after he was found in Boyd County, Kentucky.

{¶ 5} Approximately one month later, on April 19, 2013, the Fayette County grand jury returned an indictment charging Parrett with one count of failure to appear in violation of R.C. 2937.29 and R.C. 2937.99(A), a fourth-degree felony pursuant to R.C. 2937.99(B). Parrett was also charged with nonsupport of dependents in violation of R.C. 2919.21(B), a fifth-degree felony pursuant to R.C. 2919.21(G)(1).

{¶ 6} After some delay, a one-day jury trial was then held on the failure to appear

charge on February 13, 2014. During trial, the following exchange occurred as Parrett was testifying in his defense:

> [DEFENSE COUNSEL]: On March the 8th did you know where to go?
>
> PARRETT: Yes.
>
> [DEFENSE COUNSEL]: Where did you go?
>
> PARRETT: I was in touch with a friend of mine in Kentucky on the 8th.
>
> [DEFENSE COUNSEL]: Were you in court at 8AM or were you at the jail at 8AM?
>
> PARRETT: Neither.
>
> [DEFENSE COUNSEL]: Neither. Why?
>
> PARRETT: I had an attorney in Columbus who I had spoke to after sentencing that was a different attorney. I told him my situation. I had asked him to file a Post Conviction Relief.
>
> [THE STATE]: Objection.
>
> JUDGE: All right I will sustain that objection and order that testimony stricken that's not relevant to the issue before the court.

However, following a short sidebar discussion, the trial court changed course and stated it now "sustains the objection to that testimony on the basis of hearsay." This sidebar discussion was not recorded, nor was it made part of the record through App.R. 9(C).

{¶ 7} Once the defense rested, the trial court allowed Parrett to proffer his previously excluded testimony. As part of that proffered testimony, Parrett testified as follows:

> Okay. When I was released on March 4, by the court on the recognizance bond I inquired to some of my witnesses as to why they had been telling [my prior attorney] that they was not going to back me up. There was several witnesses and as I got to speaking to them I found out that the information [my prior attorney] had given me wasn't correct. That these people had given him information, they had handwritten information to him, and with no information coming back from [my prior attorney], I

- 3 -

believed I had no witnesses which is what [my prior attorney] made me believe. And therefore I gave into a plea think I [had no] witnesses. Found out after I had been out for a few days or for a couple days, that several of the witnesses were willing to back me up they had told [my prior attorney] they was willing to back me up, and so I started inquiring with other attorneys about what do I do now, you know I've been basically scammed by the system or however you want to say it.

Continuing, Parrett testified:

With the help of my mother we got a hold of an attorney in Columbus and we spoke to him and he told me that he would file a Post-Conviction Relief motion to withdraw my guilty plea and he would fight this case. He also told me that he was going to file a stay of execution which would keep me from having to report to the jail or report to the court whichever it be, on the 8th of March, and that I did not have to worry about reporting on that day. I met with one of his paralegals actually out here at United Dairy Farmers who showed me the paperwork, said they was headed up here they needed a $1,500.00 retainer. I gave [him] the $1,500.00 retainer I think he said to get back a hold of him in about two weeks. That was actually the last I've heard out of the man.[1]

{¶ 8} Parrett further testified that he was not "hiding out" in Kentucky. Rather, Parrett explained that he went to Kentucky in order to visit a close friend who had been diagnosed with cancer.

{¶ 9} After a brief deliberation, the jury found Parrett guilty as charged. The trial court then ordered Parrett to serve an agreed sentence of one year in prison, consecutive to a six-month prison term resulting from his guilty plea to nonsupport of dependents. Parrett now appeals from his failure to appear conviction, raising two assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT IMPROPERLY EXCLUDED EVIDENCE OF DEFENDANT'S STATE OF MIND.

---

1. It should be noted, following Parrett's proffer, the trial court took judicial notice that no postconviction relief petition or request for stay of execution were ever filed in either Case No. 12CR100154 or Case No. 12CR100155.

- 4 -

{¶ 12} In his first assignment of error, Parrett argues the trial court erred by excluding his testimony regarding his alleged "state of mind" as to why he failed to appear at the Fayette County jail as explicitly instructed by the trial court. We disagree.

{¶ 13} We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14. "A reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *Id.*, citing *State v. Smith*, 12th Dist. Fayette No. CA2007-10-035, 2008-Ohio-5931, ¶ 33. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Grindstaff*, 12th Dist. Clermont No. CA2013-09-074, 2014-Ohio-2581, ¶ 21. "It is not sufficient for an appellate court to determine that a trial court abused its discretion simply because the appellate court might not have reached the same conclusion or is, itself, less persuaded by the trial court's reasoning process than by the countervailing arguments." *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 14.

{¶ 14} As noted above, Parrett was convicted of one count of failure to appear in violation of R.C. 2937.29 and R.C. 2937.99(A), a fourth-degree felony pursuant to R.C. 2937.99(B). To prove failure to appear under these statutes, the state "must show that the offender (1) was released on his own recognizance, and (2) recklessly failed to appear at the court proceeding as required by the Court." *State v. Hicks*, 4th Dist. Highland No. 08CA6, 2009-Ohio-3115, ¶ 31, quoting *State v. Platz*, 4th Dist. Washington No. 00CA36, 2001 WL 925410, *2 (Aug. 6, 2001). According to R.C. 2901.22(C), a person acts recklessly when, "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."

{¶ 15} As can be seen, Parrett's proffered testimony indicates he allegedly believed he was not required to appear at the Fayette County jail as explicitly instructed by the trial court

after he spoke to an unnamed Columbus attorney who purportedly told him he would file a petition for postconviction relief and a request for stay of execution. Based on his proffered testimony, Parrett asks, "Was he in fact reckless? Or, did he act with an honest belief arrived at in good faith and act as he believed those facts to be?" Although not explicit, Parrett essentially argues the trial court erred by excluding this testimony as it firmly established his "mistake of fact" defense. In response, the state argues the excluded testimony is actually more akin to a "mistake of law," not a "mistake of fact," and therefore not available to him as a defense. After a thorough review of the record, we agree with the state.

{¶ 16} "A mistake of law occurs when 'a person is truly acquainted with the existence or nonexistence of facts but is ignorant of or comes to an erroneous conclusion as to their legal effect[.]'" *State v. Bay*, 12th Dist. Clermont No. CA98-11-110, 1999 WL 601017, *7 (Aug. 9, 1999), quoting *Harville v. Franklin*, 12th Dist. Warren No. CA91-01-003, .1991 WL 144318, *4 (July 29, 1991). Here, even assuming Parrett's proffered testimony was true, it is clear that Parrett erroneously believed the filing of a petition for postconviction relief and request for a stay of execution had the legal effect of suspending his prison sentence, thereby making it unnecessary for him to appear as explicitly instructed by the trial court. This constitutes a "mistake of law." As the state correctly points out, a "mistake of law" is not recognized by this state and provides no defense to a criminal charge. *State v. Johnson*, 12th Dist. Clinton No. CA97-07-006, 1998 WL 1701, *2 (Jan. 5, 1998), citing *State v. Pinkney*, 36 Ohio St.3d 190, 198 (1988).

{¶ 17} Nevertheless, even if we were to find Parrett's proffered testimony established a "mistake of fact," which we do not, a "mistake of fact" can "only negate a specific intent crime." *State v. Vansickle*, 12th Dist. Fayette No. CA2013-03-005, 2014-Ohio-1324, ¶ 26. For instance, a "[m]istake of fact is widely recognized as a defense to specific intent crimes such as theft since, when the defendant has an honest purpose, such a purpose provides an

excuse for an act that would otherwise be deemed criminal." *State v. Cooper*, 10th Dist. Franklin No. 09AP-511, 2009-Ohio-6275, ¶ 9, citing *Farrell v. State*, 32 Ohio St. 456 (1877). In other words, a "mistake of fact can, in an appropriate circumstance, negate either 'knowingly' or 'purposely.'" *State v. Hubbard*, 10th Dist. Franklin No. 11 AP-945, 2013-Ohio-2735, ¶ 64, quoting *State v. Snowden*, 7 Ohio App.3d 358, 363 (10th Dist.1982); *see also State v. Rawson*, 7th Dist. Jefferson No. 05 JE 2, 2006-Ohio-496, ¶ 7 (stating a "mistake of fact" can only be used as a defense to "specific intent" crimes).

{¶ 18} As noted above, pursuant to R.C. 2937.29 and R.C. 2937.99(A), the state was not required to prove any specific intent in order to support a failure to appear conviction. Rather, the state was only required to prove Parrett recklessly failed to appear as explicitly instructed by the trial court. As this court has stated previously, "recklessness" involves an even lower mental state than 'knowingly'" and "does not involve a specific intent." *State v. Bryant*, 12th Dist. Warren No. CA2007-02-024, 2008-Ohio-3078, ¶ 13, citing *State v. Davis*, 145 Ohio App.3d 296, 299 (12th Dist.2001). As a result, a "mistake of fact" is not available as a defense to a crime requiring a mental state of recklessness. *See generally State v. Neville*, 7th Dist. Noble No. 235, 1998 WL 811357, *8 (Nov. 17, 1998) (finding the trial court did not abuse its discretion in failing to give jury instruction on "mistake of fact" as appellant was not charged with a specific intent crime, but rather a crime that had the requisite mental state of "recklessly"); *see also Ohio Jury Instructions*, CR 417.05 (Rev. Aug. 15, 2012) (providing standard jury instruction for a "mistake of fact" defense).

{¶ 19} Simply stated, because the state was only required to prove Parrett acted recklessly, there was nothing in Parrett's alleged "mistake of fact" that could negate his guilt. This is further supported by the fact that no transcript or statement of proceedings from the sidebar discussion was made a part of the record. "Where portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court

has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm." *State v. Snead*, 12th Dist. Clermont No. CA2014-01-014, 2014-Ohio-2895, ¶ 21, fn. 1, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Based on the facts and circumstances here, we find the trial court did not abuse its discretion by excluding Parrett's testimony as it was irrelevant and otherwise inadmissible as hearsay. Accordingly, Parrett's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} DEFENSE COUNSEL WAS INEFFECTIVE.

{¶ 22} In his second assignment of error, Parrett argues he received ineffective assistance of trial counsel for failing to "ask questions a different way" in order to properly introduce the proffered evidence. However, based upon our finding under Parrett's first assignment of error, we simply cannot say trial counsel rendered ineffective assistance for failing to take a different approach in order to elicit Parrett's irrelevant and otherwise inadmissible testimony at trial. Therefore, Parrett's second assignment of error is also overruled.

{¶ 23} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.