[Cite as *State v. Gerde*, 2017-Ohio-7464.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-11-077 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 9/5/2017 |
| - vs - | | |
| | : | |
| MATTHEW ALLEN GERDE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016-CR-00275


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Joshua R. Crousey, One East Main Street, Amelia, Ohio 45102, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1}   Defendant-appellant, Matthew Allen Gerde, appeals from his conviction in the Clermont County Court of Common Pleas after a jury found him guilty of one count of burglary.  For the reasons outlined below, we affirm.

{¶ 2}   On May 17, 2016, the Clermont County Grand Jury returned an indictment charging Gerde with two counts of burglary in violation of R.C. 2911.12(A)(2), both second-degree felonies.  According to the bill of particulars, the first charge stemmed from

allegations Gerde and a co-defendant, Thimothy Whittington, burglarized a residence located at 1851 State Route 133 on May 5, 2016, whereas the second charge stemmed from allegations Gerde and Whittington burglarized a residence located at 2954 Clermont Farm Road on May 8, 2016. It is undisputed that both residences are located in Clermont County, Ohio. As stated in the bill of particulars, the charges arose after Whittington provided a confession that implicated both Gerde and himself in the May 5 and May 8 burglaries.

{¶ 3} The matter ultimately proceeded to a three-day jury trial that concluded on October 5, 2016. Following deliberations, the jury returned a verdict finding Gerde guilty of burglarizing the residence located on State Route 133, but not guilty of burglarizing the residence located on Clermont Farm Road. The trial court then held a sentencing hearing and sentenced Gerde to serve three years in prison. The trial court also notified Gerde that he was subject to three years of mandatory postrelease control.

{¶ 4} Gerde now appeals from his conviction, raising three assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW BY ALLOWING THE JAIL CALL BETWEEN APPELLANT AND HIS MOTHER.

{¶ 7} In his first assignment of error, Gerde argues the trial court erred by admitting a recording of two jailhouse phone calls between himself and his mother. We disagree.

{¶ 8} Although Gerde argues that a de novo standard of review applies, it is well-established that we review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14. In such instances, "[a] reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *Id.*, citing *State v. Smith*, 12th Dist. Fayette No. CA2007-10-035, 2008-Ohio-5931, ¶ 33. An

- 2 -

abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Grindstaff*, 12th Dist. Clermont No. CA2013-09-074, 2014-Ohio-2581, ¶ 21. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 9} Gerde initially claims the recording of the jailhouse phone calls between himself and his mother should have been excluded as inadmissible hearsay. However, after a simple review of the record, and just as the trial court found, it is clear the jailhouse phone calls at issue were not hearsay, but instead, non-hearsay admissions by a party-opponent under Evid.R. 801(D)(2). Pursuant to that rule, a statement is not hearsay if "[t]he statement is offered against a party and is * * * the party's own statement, in either an individual or a representative capacity[.]"

{¶ 10} Gerde claims Evid.R. 801(D)(2) is inapplicable to the recordings at issue since "[n]othing in his statements [to his mother] were an admission." But, as this court has stated previously, while the term "admission" appears to imply that the out-of-court statement must be a confession or statement against interest, "'in actuality, any prior statement of a party is admissible providing it is offered against the party at trial.'" *State v. Baker*, 137 Ohio App.3d 628, 652 (12th Dist.2000), quoting Weissenberger's Ohio Evidence (1998) 367, Section 801.33. Such is the case here for the record makes clear the recording at issue was offered merely to discredit Gerde's alleged timeline of events regarding the burglary at the Clermont Farm Road residence. Gerde's claim otherwise lacks merit.

{¶ 11} Gerde next claims the recording was unfairly prejudicial, thereby requiring its exclusion under Evid.R. 403(A). As stated in that rule, evidence, even when relevant, "is not admissible if its probative value is substantially outweighed by the danger of unfair

prejudice[.]"  Logically, "all evidence presented by a prosecutor is prejudicial."  *State v. Wright*, 48 Ohio St.3d 5, 7 (1990).  However, "not all evidence unfairly prejudices a defendant.  It is only the latter that Evid.R. 403 prohibits."  *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 107.  The trial court has broad discretion in balancing the probative value against the danger of unfair prejudice.  *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶ 31, citing *State v. Harcourt,* 46 Ohio App.3d 52, 55 (12th Dist.1988).

{¶ 12}  In support of this claim, Gerde argues the recording of the two jailhouse phone calls unfairly prejudiced him since it called attention to the fact that he was in jail.  However, "a comment referring to a defendant being in jail is not per se a prejudicial remark."  *State v. Ellis*, 10th Dist. Franklin No. 05AP-800, 2006-Ohio-4231, ¶ 21.  That is particularly true here considering there was extensive evidence elicited at trial indicating Gerde was in jail, including from Gerde's own defense counsel.  The record also indicates the trial court provided the jury with a limiting instruction, wherein the trial court specifically instructed the jury that "the fact that these calls were made from the county jail may not be considered by you for any reason whatsoever."  There is a presumption "that the jury has followed the instructions given to it by the trial court."  *State v. Jones*, 135 Ohio St.3d 10, 2012-Ohio-5677, ¶ 194.  Gerde's claim otherwise is without merit.

{¶ 13}  Gerde also argues the recording of the jailhouse phone calls between himself and his mother unfairly prejudiced him because it highlighted a possible alibi defense that he did not pursue at trial.  As to this claim, Gerde points to an exchange with his mother wherein he stated "I can prove I wasn't with them.  I can prove that I was with you on Mother's Day."  However, as aptly noted by the state, Gerde's statements refer only to the burglary of the

Clermont Farm Road residence.[1] The jury found Gerde not guilty of this charge. Gerde, therefore, cannot demonstrate any resulting prejudice by the admission of this portion of the recording of the jailhouse phone calls. It is well-established that reversal is warranted only on a showing of prejudice to the accused. *State v. Layton*, 6th Dist. Lucas No. L-90-345, 1992 Ohio App. LEXIS 843 (Feb. 28, 1992).

{¶ 14} In light of the foregoing, having found no merit to any of the arguments Gerde raised herein, we find the trial court did not err by admitting into evidence the recording of the two jailhouse phone calls between Gerde and his mother. Therefore, because we find no error in the trial court's decision, Gerde's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE JURY ERRED BY FINDING APPELLANT GUILTY WHEN THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION.

{¶ 17} In his second assignment of error, Gerde argues his burglary conviction was not supported by sufficient evidence. We find no merit to Gerde's claim.

{¶ 18} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, the test for sufficiency requires a determination as to whether the state has met its burden of production at trial. *State v. Braden*, 12th Dist. Preble No. CA2013-12-012,

---

1. In 2016, Mother's Day was celebrated on Sunday, May, 8, the same day Gerde was alleged to have burglarized Clermont Farm Road residence.

2014-Ohio-3385, ¶ 11.

{¶ 19} As noted above, the jury found Gerde guilty of burglarizing the residence located on State Route 133 in violation of R.C. 2911.12(A)(2).  Pursuant to that statute, no person, by force, stealth, or deception, shall trespass in an "occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."  As defined by R.C. 2909.01(C)(1), the term "occupied structure" includes, among other things, any "house" that "is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present."  In analyzing whether a building is an "occupied structure" under R.C. 2909.01(C)(1), this court has found "the relevant inquiry focuses on the nature for which the building is used, not the length of a temporary absence."  *State v. Jackson*, 12th Dist. Butler Nos. CA2005-02-033 and CA2005-03-051, 2006-Ohio-1147, ¶ 34.

{¶ 20} Gerde argues his conviction must be reversed because the State Route 133 residence was not an "occupied structure" that served as a "permanent or temporary habitation" because nobody was living on the property at the time the burglary occurred since the home was then undergoing extensive renovations.  We disagree.

{¶ 21} Contrary to Gerde's claim, while it is true that nobody was then living on the property, the mere fact that the home did not have a tenant or owner living in the home at the time the burglary occurred does not mean that the home was unoccupied.  *State v. Braden*, 12th Dist. Preble CA2013-12-012, 2014-Ohio-3385, ¶ 18.  This is true even where the home is undergoing extensive renovations for "[e]ven homes undergoing major renovations have been found to be occupied structures."  *State v. Johnson*, 188 Ohio App.3d 438, 2010-Ohio-3345, ¶ 18 (2d Dist.); *see, e.g., State v. Woodruff*, 6th Dist. Lucas No. L-04-1125, 2005-Ohio-3368, ¶ 7-8 (home that was uninhabitable while undergoing major renovations still met the

- 6 -

definition of an occupied structure). That is because "the definition of 'occupied' in the Revised Code is far broader than in ordinary usage." *Johnson* at ¶ 20 (residence that had no actual tenant or owner living in the home because it was being renovated was still an occupied structure).

**{¶ 22}** In this case, at the time the burglary occurred, the State Route 133 residence was an "occupied structure" as that term is defined by R.C. 2909.01(C)(1). As the record indicates, the property had not been abandoned, nor had it been without a tenant for a prolonged period of time, the prior tenants having moved out a mere two months before the burglary occurred. Moreover, due to the extensive nature of the renovations to the property, it is apparent that the property owner intended to maintain the home as a temporary or permanent habitation for either himself or another tenant after the renovations were complete. In fact, as the property owner even testified, once the renovations to the property were complete, he intended to "either use it recreationally [as a weekend country house] or rent it out again depending on how much we use it." Therefore, Gerde's claim that the home was not an "occupied structure" that served as a "permanent or temporary habitation" is without merit.

**{¶ 23}** Gerde also argues his conviction must be reversed because there was no evidence any other person, besides his co-defendant, Whittington, was present or likely to be present at the time the burglary occurred. We again disagree.

**{¶ 24}** Although the term "likely" connotes something more than a mere possibility, it also connotes something less than a probability or reasonable certainty. *State v. Pennington*, 12th Dist. Warren. No. CA2006-11-136, 2007-Ohio-6572, ¶ 29. A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present. *Id.* The fact that a permanent or temporary habitation has been burglarized does not give rise to the presumption that a

person was present or likely to be present. *State v. Fowler*, 4 Ohio St.3d 16, 18-19 (1983). Likewise, "[t]he fact that a dwelling is used as a residence is not, standing alone, sufficient to show that someone is 'likely to be present' at the time of a burglary." *State v. Jackson*, 188 Ohio App.3d 803, 2010-Ohio-1846, ¶ 9 (4th Dist.). Instead, the state must adduce specific evidence that a person was present or likely to be present. *Pennington* at ¶ 28.

{¶ 25} The Ohio Supreme Court has held the "likely to be present" element is satisfied where the structure is a permanent dwelling house that is regularly inhabited, the occupants were in and out of the house on the day in question, and the occupants were temporarily absent when the burglary occurred. *State v. Kilby*, 50 Ohio St.2d 21, 23 (1977). On the other hand, courts, including this one, have found insufficient evidence that the occupants of a residence were likely to be present when they were absent for an extended period of time, such as a vacation, and no one else was regularly checking on the house. *See, e.g., State v. Hibbard*, 12th Dist. Butler Nos. CA2001-12-276 and CA2001-12-286, 2003-Ohio-707; *State v. Cantin*, 132 Ohio App.3d 808 (8th Dist.1999); and *State v. Brightman*, 2d Dist. Montgomery No. 20344, 2005-Ohio-3173.

{¶ 26} Here, the record indicates R.T., the individual doing the renovations to the State Route 133 residence, lived next door, grew crops on the property, and generally managed the farm land where the property was located. According to the property owner, R.T. was at the State Route 133 residence "[p]robably everyday except for the weekends," a sentiment that was confirmed by R.T. himself who testified he was "in and out [of the property] every day." In fact, as R.T. testified, he had been at the State Route 133 residence for several hours on the morning of May 5, 2016, the day the State Route 133 burglary occurred, from approximately 9:00 a.m. to either noon or 1:00 p.m., with intentions of returning to the property later that evening. It is undisputed that the burglary of the State Route 133 residence occurred shortly after R.T. left the property at approximately 3:00 p.m. Another

neighbor, G.S., testified that R.T. was "always up there" at the State Route 133 property. The state, therefore, provided sufficient evidence that a person, R.T., not merely Gerde's co-defendant, Whittingham, was present or likely to be present at the time the burglary occurred.

{¶ 27} After a thorough review of the record, we find the state presented sufficient evidence to support Gerde's conviction for burglarizing the State Route 133 residence. Therefore, because we find sufficient evidence to support Gerde's burglary conviction, Gerde's second assignment of error is overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 30} In his third assignment of error, Gerde argues his burglary conviction was against the manifest weight of the evidence. We again find no merit to Gerde's claim.

{¶ 31} Unlike a challenge to the sufficiency of the evidence, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. However, while appellate review includes the responsibility to consider the credibility of witnesses and weight given to the evidence, these issues are primarily matters for the trier of fact to decide. *State v. Goodwin*, 12th Dist. Butler No. CA2016-05-099, 2017-Ohio-2712, ¶ 24. An appellate court, therefore, will overturn a

- 9 -

conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶ 32} Gerde claims his conviction must be reversed because Whittington's testimony implicating Gerde in the burglary of the State Route 133 residence was not credible, oftentimes contradictory, and inconsistent. However, while there may be some question as to Whittington's credibility, "[a]s the trier of fact is in the best position to judge the credibility of the witnesses, we will not disturb the [jury's] finding in regard to which version of events was credible, and which was not." *State v. Bonner*, 12th Dist. Butler No. CA2012-09-195, 2013-Ohio-3670, ¶ 13. Moreover, as the trier of fact, the jury was free to believe all, part of, or none of Whittington's testimony. *See State v. Widmer*, 12th Dist. Warren No. CA2011-03-027, 2012-Ohio-4342, ¶ 107. "[A] conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17.

{¶ 33} In so holding, we note that Gerde's conviction was not based solely on Whittington's testimony asserting Gerde was a part of the burglary of the State Route 133 residence. Rather, the state introduced evidence from several witnesses who placed Gerde at the scene at the time the burglary occurred. In fact, although he could not identify Gerde specifically, one witness testified that he saw someone who fit Gerde's build around the property at the time the burglary occurred. There was also evidence that a footprint matching that of Gerde's boot was discovered within the State Route 133 residence. Therefore, as this is not one of those extraordinary cases where the evidence presented at trial weighed heavily in favor of acquittal, Gerde's third assignment of error lacks merit. This is true despite the fact that the jury found Gerde not guilty of burglarizing the Clermont Farm Road residence as that offense was based on separate, and admittedly weaker evidence introduced by the

state. Therefore, because Gerde's conviction for burglarizing the State Route 133 residence was not against the manifest weight of the evidence, Gerde's third assignment of error is overruled.

{¶ 34} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.