[Cite as *State v. Schleiger*, 2018-Ohio-2359.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2009-09-026 |
| | : | O P I N I O N |
| - vs - | | 6/18/2018 |
| | : | |
| CURTIS D. SCHLEIGER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 09CR010286

Martin P. Votel, Preble County Prosecuting Attorney, Gractia S. Manning, Preble County Courthouse, 101 East Main Street, Eaton, OH 45320, for plaintiff-appellee

Office of the Ohio Public Defender, Stephen P. Hardwick, 250 East Broad Street, Suite 1400, Columbus, OH 43215, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Curtis D. Schleiger, appeals from his conviction following a jury trial in the Preble County Court of Common Pleas for single counts of felonious assault and carrying a concealed weapon. For the reasons outlined below, we affirm.

{¶ 2} On May 5, 2009, the Preble County Grand Jury returned a four-count

indictment charging Schleiger with single counts of felonious assault, tampering with evidence, aggravated assault, and carrying a concealed weapon. Although generally a first-degree misdemeanor, the carrying a concealed weapon charge was brought as a fourth-degree felony due to Schleiger having previously been convicted in the Eaton Municipal Court of three offenses of violence, one for domestic violence and two for menacing. There is no dispute that Schleiger had previously been so convicted.

{¶ 3} The charges subject of this appeal arose after Schleiger engaged in a fight with Matt Dillman outside 230 Club on the evening of April 22, 2009. During this fight, Schleiger stabbed Dillman multiple times causing Dillman to suffer deep wounds to his abdomen and both armpits. After stabbing Dillman, Schleiger fled the scene, but was located shortly thereafter hiding on a second story landing of a nearby apartment building. The knife Schleiger used to stab Dillman was located stuffed behind an electoral conduit close to where Schleiger had been hiding. Appearing at his arraignment, Schleiger entered a plea of not guilty to all charges. The state later dismissed the aggravated assault charge and the matter proceeded to a jury trial.

{¶ 4} At trial, Schleiger notified the trial court that he objected to the state introducing evidence as to all three of his prior convictions for offenses of violence in order to raise the carrying a concealed weapon charge from a first-degree misdemeanor to a fourth-degree felony. In support, Schleiger argued that the relevant portion of the carrying concealed weapon statute, R.C. 2923.12(F)(1), "says any prior offense of violence. It doesn't say two, it doesn't say three, it doesn't say twelve." Therefore, according to Schleiger, "offering more than one is overly prejudicial and perhaps taints the jury."

{¶ 5} Countering Schleiger's argument, the state argued that "just as the state would not choose just one eyewitness in a case, even though those eyewitnesses may be prejudicial to the Defendant, the state is not going to choose just one prior conviction."

Continuing, the state then argued:

> Just as in a domestic violence case, if a domestic violence, let's say an F3, let's say the offender doesn't have one or more or two or more, but has three or more prior convictions, the state would introduce them all. And the state is simply doing the same thing with this case.

Concluding, the state noted that it did not know which of Schleiger's prior convictions, if any, he might attack collaterally, "so the state's choosing to admit them all."

{¶ 6} Overruling Schleiger's objection, the trial court stated, in pertinent part, the following:

> I don't think the state has to be tied down to one offense or the other because to do so would limit them in terms of their ability to present others if they later determined that they needed to do that because, as [the state] suggests, the offense that they wish to use was collaterally attacked and found to be faulty.
>
> The defense would then later say, you didn't tell me you were going to use one of the other offenses if the first one failed.
>
> So, I don't think it is, I don't think it is improper.

{¶ 7} The trial court also found that the prejudice in introducing all three of Schleiger's prior convictions did not outweigh its probative value "particularly given the chance or the opportunity to collaterally attack them."

{¶ 8} After the trial court issued its decision, the state introduced evidence of Schleiger's three prior convictions for offenses of violence, one for domestic violence and two for menacing. Testimony regarding Schleiger's three prior convictions, which Schleiger did not collaterally attack in any way, spanned a total of three pages out of the 512-page trial transcript.

{¶ 9} Once both parties rested, the jury returned a verdict finding Schleiger not guilty of tampering with evidence, but guilty of both felonious assault and carrying a concealed weapon. The jury's verdict included a special verdict finding Schleiger had

previously been convicted of any one of the three offenses of violence as alleged by the state, thus raising the carrying a concealed weapon charge from a first-degree misdemeanor to a fourth-degree felony. Approximately one month later, the trial court held a sentencing hearing and sentenced Schleiger to serve a total aggregate term of nine-and-one-half years in prison.

{¶ 10} After the trial court issued its sentencing decision, this matter went through a lengthy appeals process in both the state and federal courts. *See State v. Schleiger*, 12th Dist. Preble No. CA2009-09-026, 2010-Ohio-4080; *State v. Schleiger*, 12th Dist. Preble No. CA2011-11-012, 2013-Ohio-1110; *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970; *Schleiger v. Sheldon*, S.D.Ohio No. 3:15-cv-249, 2017 U.S. Dist. LEXIS 112924 (July 20, 2017), adopted by *Schleiger v. Sheldon*, S.D.Ohio No. 3:15-cv-249, 2017 U.S. Dist. LEXIS 141584 (Sept. 1, 2017). Following these decisions, this court issued an entry reopening Schleiger's appeal. Schleiger's appeal being reopened, Schleiger raises the following single assignment of error for review.

{¶ 11} THE TRIAL COURT ERRED BY PERMITTING THE STATE, OVER OBJECTION, TO TELL THE JURY ABOUT [THREE] OF MR. SCHLEIGER'S PRIOR CONVICTIONS WHEN ONLY ONE PRIOR CONVICTION WAS NEEDED TO ELEVATE CARRYING A CONCEALED WEAPON FROM A MISDEMEANOR TO A FELONY.[1]

{¶ 12} In his single assignment of error, Schleiger argues the trial court erred by permitting the state to introduce evidence of his three-prior offense of violence convictions when only one of his convictions was needed to raise the carrying a concealed weapon charge from a first-degree misdemeanor to a fourth-degree felony. We disagree.

---

1. Schleiger's assignment of error claims the state introduced evidence on only two of his three prior convictions for offenses of violence at trial. The record indicates the state actually introduced evidence as to all three of Schleiger's convictions.

{¶ 13} This court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *State v. Gerde*, 12th Dist. Clermont No. CA2016-11-077, 2017-Ohio-7464, ¶ 8. In other words, this court "should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14, citing *State v. Smith*, 12th Dist. Fayette No. CA2007-10-035, 2008-Ohio-5931, ¶ 33. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Grindstaff*, 12th Dist. Clermont No. CA2013-09-074, 2014-Ohio-2581, ¶ 21. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 14} Schleiger was charged with carrying a concealed weapon in violation of R.C. 2923.12(A)(1), which provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * [a] deadly weapon other than a handgun." A violation of R.C. 2923.12(A)(1) is generally charged as a first-degree misdemeanor. However, pursuant to R.C. 2923.12(F)(1), if the offender has previously been convicted of "any offense of violence," the charge is a felony of the fourth degree."

{¶ 15} As noted above, in support of Schleiger's single assignment of error, Schleiger argues the trial court erred by permitting the state to introduce evidence of his three prior convictions for offenses of violence when only one was needed to raise the carrying a concealed weapon charge from a first-degree misdemeanor to a fourth-degree felony. However, even though there is no dispute that Schleiger had previously been convicted of the three offenses of violence, Schleiger did not offer to stipulate to any of his three prior convictions at trial. Without a stipulation from Schleiger as to any one of his three prior

- 5 -

convictions, the burden of proof remained on the state to prove Schleiger had in fact been so convicted. *State v. Craft*, 181 Ohio App.3d 150, 2009-Ohio-675, ¶ 35 (12th Dist.). In order to satisfy its burden, the state chose to offer evidence on all three of Schleiger's prior convictions. This is because, as the state aptly noted, the jury could have rejected its evidence on two of Schleiger's prior convictions and still needed evidence of the third to elevate the charge to a fourth-degree felony.

{¶ 16} Again, as noted by the trial court in overruling Schleiger's objection:

> I don't think the state has to be tied down to one offense or the
> other because to do so would limit them in terms of their ability
> to present others if they later determined that they needed to do
> that because, as [the state] suggests, the offense that they wish
> to use was collaterally attacked and found to be faulty.

We agree. *See, e.g., State v. Russell*, 12th Dist. Butler No. CA2012-03-066, 2013-Ohio-1381, ¶ 10-17 (trial court did not abuse its discretion in admitting evidence of appellant's three prior domestic violence convictions to enhance a charge of domestic violence where appellant did not stipulate to any of his prior domestic violence convictions, thus leaving the jury free to reject the state's evidence on "one of the prior convictions and needed the other two to elevate the offense to a third-degree felony").

{¶ 17} We also agree with the trial court's decision finding any prejudice in introducing evidence of Schleiger's three prior convictions did not outweigh its probative value "particularly given the chance or the opportunity to collaterally attack them." This is true even though Schleiger chose not to collaterally attack any of his three prior convictions at trial. Schleiger's arguments to the contrary are without merit. The same is true regarding Schleiger's claim that this evidence may have contributed to jury's verdict finding him guilty of felonious assault. Nothing in the record supports such a claim.

{¶ 18} In so holding, we reject Schleiger's claim that this court should follow the Eleventh District Court of Appeal's decision in *State v. Totarella*, 11th Dist. Lake No. 2002-

L-147, 2004-Ohio-1175, wherein the Eleventh District found the trial court abused its discretion by admitting evidence of appellant's two prior convictions in a case charging appellant with carrying a concealed weapon when the statutory language found in R.C. 2923.12(F)(1) only requires proof of a single prior conviction to raise the charge to a fourth-degree felony. Unlike in this case, however, because the appellant in *Totarella* stipulated that he had previously been convicted of at least one offense of violence, the Eleventh District found the trial court erred by notifying the jury that appellant had in fact stipulated to being convicted of two such offenses since "it was only necessary to prove one prior conviction." *Id.* at ¶ 35. "The admission of evidence of a second conviction was redundant. It had no probative value and could only have had the effect of prejudicing [appellant] in the eyes of the jury." *Id.*

{¶ 19} The facts in *Totarella* are markedly different than the case at bar. Again, unlike in this case, the appellant in *Totarella* stipulated to the fact that he had previously been convicted of at least one offense of violence. A stipulation of fact renders proof of that specific fact unnecessary. *State v. Eckert*, 12th Dist. Clermont No. CA2008-10-099, 2009-Ohio-3312, ¶ 17. As noted above, because Schleiger did not offer to stipulate to any of his three prior convictions at trial, the burden of proof remained on the state to prove Schleiger had in fact been so convicted. *Craft*, 2009-Ohio-675 at ¶ 35. In order to satisfy its burden, the state chose to offer evidence on all three of Schleiger's prior convictions. The trial court permitted this evidence to be admitted. We find no error in the trial court's decision. This is because, as previously stated, the jury could have rejected the state's evidence on two of Schleiger's prior convictions and still needed evidence of the third to elevate the charge to a fourth-degree felony.

{¶ 20} We also reject Schleiger's claim that this case is somehow analogous to the Ohio Supreme Court's decision in *State v. Creech*, 150 Ohio St.3d 540, 2016-Ohio-8440, a

decision in which the Ohio Supreme Court determined that a trial court abuses its discretion when the trial court "refuses a defendant's offer to stipulate to the fact of the prior conviction" and instead admits into evidence the full record of the prior conviction where "the sole purpose of the evidence is to prove the element of the defendant's prior conviction[.]" Again, as noted previously, Schleiger did not offer to stipulate to any of his three prior convictions at trial. Therefore, because Schleiger never offered to stipulate, the Ohio Supreme Court's decision in *Creech* is inapplicable to the case at bar. Therefore, finding no error in the trial court's decision, Schleiger's single assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.