[Cite as *State v. Harmon*, 2019-Ohio-5036.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-01-007 |
| | : | O P I N I O N |
| - vs - | | 12/9/2019 |
| | : | |
| PHILLIP HARMON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 18CRB00996

Bethany S. Bennett, City of Mason Prosecuting Attorney, Matthew Nolan, 5960 South Mason Montgomery Road, Mason, Ohio 45040, for appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Phillip Harmon, appeals his conviction in the Mason Municipal Court after a jury found him guilty of one count of first-degree misdemeanor public indecency. For the reasons outlined below, we affirm.

{¶ 2} On October 22, 2018, a complaint was filed charging Harmon with one count of public indecency in violation of R.C. 2907.09(A)(3). As alleged in the complaint, the

charge arose after Harmon "exposed himself" to the victim while in a retail store changing room "with his penis in his hand while masturbating." Because there is no dispute that Harmon had two prior public indecency convictions, the offense was charged as a first-degree misdemeanor in accordance with R.C. 2907.09(C)(3).[1] Harmon pled not guilty and the matter was scheduled for a jury trial.

{¶ 3} On January 15, 2019, three days prior to when trial was set to begin, Harmon filed a motion in limine. In his motion, Harmon sought an order barring the state from introducing any testimony or evidence regarding his two prior public indecency convictions. Discussing the matter in chambers with the trial court judge, the parties stipulated that Harmon had two prior public indecency convictions in Hamilton County in 2002 and 2013. Due to this stipulation, the parties agreed that there was no need for the state to introduce any testimony or evidence regarding Harmon's two prior convictions at trial. The trial court judge also agreed that he would not mention Harmon's two prior convictions to the jury as part of the trial court's jury instructions. The trial court filed an entry granting Harmon's motion in limine later that day.

{¶ 4} On January 18, 2019, the jury trial proceeded as scheduled. At trial, the jury heard testimony from both Harmon and the victim who witnessed Harmon masturbating in a retail store changing room. Specifically, as the victim testified, the victim "visually saw [Harmon] masturbating," "touching his penis, pleasuring himself." The victim also testified that "it was pretty evident that [Harmon] was masturbating" because his left hand was moving "back and forth * * * on his penis" creating a "fapping noise." Based on this testimony, the jury returned a verdict finding Harmon guilty as charged. Due to the parties'

---

1. Although generally charged as a third-degree misdemeanor, R.C. 2907.09(C)(3) provides that "[i]f the offender previously has been convicted of or pleaded guilty to two or more violations of this section, a violation of division (A)(2) or (3) of this section is a misdemeanor of the first degree[.]"

prior stipulation, the record indicates that there was no testimony or evidence introduced at trial regarding Harmon's two prior public indecency convictions.  There was also no mention of Harmon's two prior convictions by the trial court judge as part of the trial court's jury instructions.

{¶ 5}   After the jury returned its verdict, the trial court immediately proceeded to sentencing and sentenced Harmon to 180 days in jail, with 90 of those days suspended, and placed Harmon on community control for a period of five years.  After the trial court issued its sentencing decision, Harmon objected and claimed that he could not be found guilty of public indecency as a first-degree misdemeanor because the state failed to prove that he had two prior public indecency convictions at trial.  Harmon instead claimed that he could be only found guilty of public indecency as a third-degree misdemeanor.  Noting that the parties had previously agreed "that nothing could be said about the priors to enhance it to an M1 [at trial]," the trial court judge overruled Harmon's objection.

{¶ 6}   Harmon now appeals his conviction, raising the following single assignment of error for review.

{¶ 7}   THE APPELLANT'S CONVICTION FOR PUBLIC INDECENCY, A MISDEMEANOR OF THE FIRST DEGREE, MUST BE VACATED AS BEING UNSUPPORTED BY CONSTITUTIONALLY SUFFICIENT EVIDENCE.

{¶ 8}   In his single assignment of error, Harmon argues that his conviction for first-degree misdemeanor public indecency was not supported by sufficient evidence because the state failed to prove that he had two prior public indecency convictions at trial.  We disagree.

{¶ 9}   Whether the evidence presented is legally sufficient to sustain a verdict is a question of law.  *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.).  When reviewing the sufficiency of the evidence underlying a criminal conviction, an

appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Erdmann*, 12th Dist. Clermont Nos. CA2018-06-043 and CA2018-06-044, 2019-Ohio-261, ¶ 21, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33.

{¶ 10} As noted above, Harmon argues that his conviction for first-degree public indecency was not supported by sufficient evidence because the state failed to prove that he had two prior public indecency convictions at trial.[2] However, as the record plainly reveals, the parties entered into a stipulation that Harmon had two prior public indecency convictions while discussing the matter in chambers with the trial court judge three days prior to trial. The record also plainly reveals that the parties agreed that there was no need for the state to introduce any evidence regarding Harmon's two prior convictions at trial. The trial court judge further agreed that he would not mention Harmon's two prior convictions to the jury as part of the trial court's jury instructions.

{¶ 11} "A stipulation of fact renders proof of that specific fact unnecessary." *State v. Schleiger*, 12th Dist. Preble No. CA2009-09-026, 2018-Ohio-2359, ¶ 19, citing *State v.*

---

2. We note that "[w]hen existence of a prior conviction does not simply enhance the penalty but transforms the crime itself by increasing its degree," such as the case here, "the prior conviction is an essential element of the crime and must be proved by the state beyond a reasonable doubt." *State v. Russell*, 12th Dist. Butler No. CA2012-03-066, 2013-Ohio-1381, ¶ 12, citing *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 8.

*Eckert*, 12th Dist. Clermont No. CA2008-10-099, 2009-Ohio-3312, ¶ 17. Therefore, because the record firmly establishes that the parties stipulated that Harmon had two prior public indecency convictions prior to trial while discussing the matter in chambers with the trial court judge, it was unnecessary for the state to provide any evidence as it relates to those two convictions at trial. It was also unnecessary for the trial court judge to notify the jury of the parties' stipulation as part of the trial court's jury instructions. Accordingly, finding no merit to any of the arguments raised by Harmon herein, Harmon's single assignment of error is overruled.

{¶ 12} Judgment affirmed.


HENDRICKSON, P.J., and M. POWELL, J., concur.