[Cite as *State v. Ruth*, 2020-Ohio-4506.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-018 |
| | : | <u>O P I N I O N</u> |
| - vs - | | 9/21/2020 |
| | : | |
| TERRI L. RUTH, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM  FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20180387


Jess C. Weade, Fayette County Prosecuting Attorney, Rachel S. Martin, 110 East Court Street, Washington Court House, Ohio 43160, for appellee

Harris Law Firm, LLC, Felice Harris, 6031 E. Main Street, #187, Columbus, Ohio 43213, for appellant



**S. POWELL, J.**

{¶ 1}   Appellant, Terri L. Ruth, appeals her conviction in the Fayette County Court of Common Pleas after a jury found her guilty of one count of aggravated vehicular assault. For the reasons outlined below, we affirm Ruth's conviction.

{¶ 2}   On October 5, 2018, the Fayette County Grand Jury returned an indictment

charging Ruth with one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a third-degree felony.[1]  According to the bill of particulars, the charge arose after Ruth, while operating a vehicle while under the influence of alcohol ("OVI"), caused serious physical harm to the victim, R.H., as a result of an automobile accident between the two.  There is no dispute that the accident occurred on May 6, 2018 in Fayette County at the intersection of State Route 753 and Robinson Road.  There is also no dispute that, as a result of this accident, Ruth pled guilty to OVI in the Washington Court House Municipal Court.

{¶ 3}  On July 18, 2019, the matter proceeded to a one-day jury trial.  At trial, R.H. testified that he and Ruth were involved in an automobile accident that caused him to suffer a serious injury to his right shoulder.  Explaining this injury, R.H. testified that the accident caused him to suffer a constant, dull pain in his right shoulder for over a year, limited the range of motion in his right arm, and required him to receive physical therapy and eventually shoulder surgery.  R.H. also testified that the accident resulted in pain in his chest, an injury to his leg, and soreness to his "whole body."  Following deliberations, the jury returned a verdict finding Ruth guilty as charged.  The trial court then held a sentencing hearing and sentenced Ruth to 60 months in prison.  Ruth now appeals her conviction, raising four assignments of error for review.

{¶ 4}  Assignment of Error No. 1:

{¶ 5}  THE TRIAL COURT ERRED IN ADMITTING THE TESTIMONY OF DR. BAGDASCHEWSKYI.

{¶ 6}  In her first assignment of error, Ruth argues the trial court erred by allowing Dr. Bagdaschewskyi, R.H.'s primary care physician at the time of the accident, to testify as

---

1. Ruth was also charged with one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(i), a first-degree misdemeanor.  This charge was later dismissed by the state.

an expert witness regarding the cause, diagnosis, and "explanation of diagnosis" of R.H.'s shoulder injury, i.e., that R.H.'s shoulder injury was a type of "impingement syndrome" that was caused by the automobile accident. We disagree.

{¶ 7} Contrary to Ruth's claim, Dr. Bagdaschewskyi did not testify as an expert witness. The record instead indicates Dr. Bagdaschewskyi testified as a lay witness regarding the treatment he provided to R.H. during a routine check-up on May 1, 2018, five days prior to the accident, as well as the treatment he recommended for R.H. on May 8, 2018, two days after the accident. Dr. Bagdaschewskyi in fact specifically testified that he was not providing any opinion as to what may have caused R.H.'s shoulder injury. Dr. Bagdaschewskyi instead testified that he was "just going by what [R.H. had] told [him]" had occurred; that R.H. was suffering from "muscular discomfort" in his neck, shoulder, right arm, and "right lower extremity" after he had reported being involved in an automobile accident two days earlier. Therefore, considering Dr. Bagdaschewskyi specifically testified that he was not offering any opinion as to what may have caused R.H.'s shoulder injury, Dr. Bagdaschewskyi's testimony was admissible lay witness testimony. Accordingly, finding no error in the trial court's decision to allow Dr. Bagdaschewskyi to testify in the manner in which he did, Ruth's first assignment of error lacks merit and is overruled.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED IN ADMITTING TESTIMONY AND PHOTOGRAPHS WHICH WERE IN VIOLATION OF OHIO EVID.R. 802 AND 403(A).

{¶ 10} In her second assignment of error, Ruth argues it was plain error for the trial court to admit certain testimony and evidence offered by Deputy Travis Burden, a deputy with the Fayette County Sheriff's Office who was dispatched to the scene of the automobile accident between Ruth and the victim, R.H. We disagree.

{¶ 11} When properly objected to, this court reviews a trial court's decision to admit

or exclude evidence under an abuse of discretion standard. *State v. Gerde*, 12th Dist. Clermont No. CA2016-11-077, 2017-Ohio-7464, ¶ 8. Ruth, however, did not object to any of the testimony and evidence for which she now complains. By failing to object, Ruth has waived all but plain error on appeal. *State v. Grimm*, 12th Dist. Clermont No. CA2018-10-071, 2019-Ohio-2961, ¶ 21. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An error does not rise to the level of a plain error unless, but for the error, the outcome of the trial would have been different. *State v. Palmer*, 12th Dist. Butler Nos. CA2013-12-243 and CA2014-01-014, 2014-Ohio-5491, ¶ 21. "'Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Harner*, 12th Dist. Brown No. CA2019-10-012, 2020-Ohio-3071, ¶ 24, quoting *State v. Landrum*, 53 Ohio St.3d 107, 111 (1990).

{¶ 12} Ruth initially argues that it was plain error for the trial court to admit Deputy Burden's testimony about the statement she gave to him at the hospital shortly after the accident occurred; specifically, that "another vehicle pulled in front of her causing the accident." Ruth claims this testimony was inadmissible hearsay under Evid.R. 802. However, contrary to Ruth's claim, Deputy Burden's testimony was admissible as a non-hearsay admission by a party-opponent in accordance with Evid.R. 801(D)(2). Pursuant to that rule, "'any prior statement of a party is admissible providing it is offered against the party at trial.'" *State v. Gerde*, 12th Dist. Clermont No. CA2016-11-077, 2017-Ohio-7464, ¶ 10, quoting *State v. Baker*, 137 Ohio App.3d 628, 652 (12th Dist.2000), quoting Weissenberger, *Ohio Evidence Treatise*, Section 801.33 at 367 (1988). Such is the case here. Therefore, because a party's own statement is not hearsay if the statement is offered against that party, Ruth's claim alleging Deputy Burden's testimony about the statement

- 4 -

she gave to him at the hospital shortly after the accident occurred was inadmissible hearsay under Evid.R. 802 lacks merit.

{¶ 13} Ruth also argues that Deputy Burden's testimony should have been excluded under Evid.R. 403(A) because it confused the issues and unfairly prejudiced the jury against her by implying she was "a bad person who attempted to shift the blame for the collision." However, despite Ruth's assertions, we find nothing about Deputy Burden's testimony confusing or unfairly prejudicial. Deputy Burden was merely repeating the statement Ruth gave him at the hospital shortly after the accident occurred. Considering neither party disputed the fact that Ruth and R.H. were involved in an automobile accident, this testimony had little, if any, impact on the jury's ultimate finding of guilt. This holds true even though the challenged testimony did not go directly to either of the two main issues in dispute; causation and whether R.H. suffered serious physical harm. Therefore, because it is only unfairly prejudicial evidence that Evid.R. 403(A) prohibits, Ruth's claim that Deputy Burden's testimony should have been excluded under Evid.R. 403(A) also lacks merit.

{¶ 14} Ruth further argues that it was plain error for the trial court to admit Deputy Burden's testimony regarding the "scene of the accident," the "position of the cars," the "severe injury" sustained by a passenger in Ruth's vehicle, as well as five photographs of the scene of the accident taken shortly after the accident occurred. Ruth claims this evidence was not relevant, confused the issues, was unfairly prejudicial to her, and used by the state to "enflame the emotions of the jury" since she had already admitted to being under the influence of alcohol at the time of the accident. However, contrary to Ruth's claims, this evidence was relevant, straightforward, and not unfairly prejudicial to her. This is because, as noted by the state, this testimony and evidence was used to establish the nature and the circumstances of the crime charged in relation to the testimony offered by the victim, R.H. Therefore, finding no error, let alone plain error, in the trial court's decision

to admit any of challenged testimony and evidence at issue, Ruth's second assignment of error lacks merit and is overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT RUTH'S CRIM.R. 29 MOTION FOR JUDGMENT OF ACQUITTAL.

{¶ 17} In her third assignment of error, Ruth argues the trial court erred by denying her Crim.R. 29(A) motion for acquittal. We disagree.

{¶ 18} The standard of review for a denial of a Crim.R. 29(A) motion for acquittal is the same as the standard of review for a sufficiency of the evidence claim. *State v. Robinson*, 12th Dist. Butler No. CA2015-01-013, 2015-Ohio-4533, ¶ 37. Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. This test "requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33.

{¶ 19} As noted above, Ruth was convicted of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a). Pursuant to that statute, no person, while operating or participating in the operation of a motor vehicle, shall cause "serious physical harm" to

another person while under the influence of alcohol. *State v. Phelps*, 12th Dist. Butler No. CA2009-09-243, 2010-Ohio-3257, ¶ 12. As defined by R.C. 2901.01(A)(5)(c) and (e), the phrase "serious physical harm" includes:

> (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
>
> * * *
>
> (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

Thus, as it relates to R.C. 2901.01(A)(5)(e), there are "three categories of pain that constitute serious physical harm: 'acute pain of such duration as to result in substantial suffering,' any degree of 'prolonged pain,' and any degree of 'intractable pain.'" *State v. Fitzgerald*, 12th Dist. Clermont No. CA2016-06-044, 2017-Ohio-2717, ¶ 21.

{¶ 20} As stated previously, Ruth does not dispute that she was under the influence of alcohol at the time of the accident. Ruth instead argues that the state failed to prove she caused the victim, R.H., to suffer serious physical harm. However, after a thorough review of the record, we find the state offered extensive evidence to prove Ruth caused serious physical harm to the victim. This includes, most notably, R.H.'s testimony that the accident had caused him to suffer pain in his chest, an injury to his leg, soreness to his "whole body," and a serious injury to his right shoulder. R.H. testified that his shoulder injury limited his range of motion and resulted in him living with a constant, dull pain for over a year. R.H. testified that this pain, which he characterized as an eight to nine out of ten two days after the accident, would then increase "into a sharper pain" the higher he raised his arm. R.H. also testified that he received physical therapy and eventually shoulder surgery, but that nothing helped until one day his arm and shoulder returned to normal after he "felt it pop," his arm "actually popped."

{¶ 21} The degree of harm that rises to the level of "serious" physical harm is not an exact science. *State v. Sharp*, 12th Dist. Butler No. CA2009-09-236, 2010-Ohio-3470, ¶ 11. "'[W]here injuries to the victim are serious enough to cause him or her to seek medical treatment, the finder of fact may reasonably infer that the force exerted on the victim caused serious physical harm as defined by R.C. 2901.01(A)(5).'" *State v. Church*, 12th Dist. Butler No. CA2011-04-070, 2012-Ohio-3877, ¶ 18, quoting *State v. Lee*, 8th Dist. Cuyahoga No. 82326, 2003-Ohio-5640, ¶ 24; *State v. Lanier*, 6th Dist. Ottawa No. OT-19-025, 2020-Ohio-3394, ¶ 25 ("the element of serious physical harm [is] met where a victim's injuries require medical treatment"). Such is the case here. *See, e.g., State v. Beaver*, 3d Dist. Union No. 14-13-15, 2014-Ohio-4995, ¶ 38 (victim suffered serious physical harm where the victim's "injuries caused her to seek medical treatment, and ultimately required surgery" after she "rated her pain as a nine out of ten when she first sought medical treatment for her injuries"). Therefore, while not an exact science, because the state provided extensive evidence to prove Ruth caused the victim, R.H., to suffer serious physical harm, the trial court did not err by denying Ruth's Crim.R. 29(A) motion for acquittal. Accordingly, because we find no error in the trial court's decision, Ruth's third assignment of error lacks merit and is overruled.

{¶ 22} Assignment of Error No. 4:

{¶ 23} TERRI RUTH'S CONVICTION FOR AGGRAVATED VEHICULAR ASSAULT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 24} In her fourth assignment of error, Ruth argues her conviction was against the manifest weight of the evidence. In support, Ruth makes the same basic arguments that she advanced under her third assignment of error wherein she advanced a challenge to the sufficiency of the evidence presented at trial. "Although a verdict is supported by sufficient evidence, an appellate court may nevertheless conclude that the verdict is against the

manifest weight of the evidence because the test under the manifest weight standard is much broader than that for sufficiency of the evidence." *State v. Davidson*, 12th Dist. Preble No. CA2009-05-014, 2009-Ohio-6750, ¶ 5, citing *State v. Mathews*, 4th Dist. Lawrence No. 94CA42, 1995 Ohio App. LEXIS 4939, *11 (Oct. 27, 1995).

{¶ 25} However, while the test may be broader, "[a]n appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43, citing *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). This is not one of those cases. Therefore, because this is not one of those extraordinary cases when the evidence presented at trial weighs heavily in favor of acquittal, but rather a case in which there exists extensive evidence to support the jury's guilt finding, Ruth's conviction was not against the manifest weight of the evidence. Accordingly, finding no merit to any of Ruth's arguments raised herein, Ruth's fourth assignment of error is overruled.

{¶ 26} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.