[Cite as *State v. Gearhart*, 2018-Ohio-4180.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-12-168 |
| | : | O P I N I O N |
| - vs - | | 10/15/2018 |
| | : | |
| DOUGLAS C. GEARHART, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR32812

David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, OH 45036, for plaintiff-appellee

J. David Turner, 101 Southmoor Circle, Kettering, OH 45429, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Douglas C. Gearhart, appeals from his conviction in the Warren County Court of Common Pleas after the trial court found him guilty of domestic violence and felonious assault following a bench trial. For the reasons outlined below, we affirm.

{¶ 2} The Warren County Grand Jury returned a multi-count indictment charging Gearhart with one count of felonious assault and two counts of domestic violence.

According to the bill of particulars, the charges arose after it was alleged Gearhart – who was then a Montgomery County Sheriff's Deputy – caused serious physical harm to his then wife, K.G., by striking her, pushing her into the kitchen island, and throwing her into the garage.[1] The bill of particulars also alleged Gearhart caused physical harm to his then step-daughter, M.L., by grabbing her by her arm, head, and neck and shoving her head into the basement door.

{¶ 3} Gearhart pled not guilty to all charges and the matter proceeded to a bench trial. At trial, a video recording of the incident taken from the Gearhart's in-home security camera was played for the trial court. The video recording displays Gearhart striking K.G., pushing K.G. into the kitchen island, and throwing K.G. into the garage as alleged in the bill of particulars. The video recording also depicts Gearhart grabbing his then step-daughter, M.L., by her arm, head, and neck and shoving her head into the basement door. During this time, Gearhart can be heard cursing at K.G. and M.L., telling them not to touch him and ordering them to get out of "[his] house."

{¶ 4} In addition to this video evidence, M.L., who was then just 13-years-old, testified an intoxicated Gearhart grabbed her head and pushed her against the basement door after an argument erupted when Gearhart nearly hit her with a stack of paper plates that he threw onto the nearby kitchen counter. Following M.L.'s testimony, K.G. testified regarding her own altercation with Gearhart. Specifically, K.G. testified that after Gearhart pushed M.L.'s head against the basement door, Gearhart moved away from M.L. and turned his attention towards her. K.G. testified Gearhart then grabbed her by the hair and dragged her towards the kitchen island. Once there, K.G. testified Gearhart "slammed" her head into the kitchen island and kitchen cabinets.

---

1. The record indicates Gearhart and K.G. were in the process of getting divorced at the time of the bench trial in this case.

{¶ 5} After being slammed by Gearhart into the kitchen island and kitchen cabinets, K.G. testified she could not remember what happened other than waking up on the garage floor with significant pain to her head and mouth. It is undisputed that three of K.G.'s teeth were later discovered in the garage close to where an unconscious K.G. was found lying on her stomach in a pool of blood.

{¶ 6} The trial court also heard testimony from Dr. Megan Dines, an emergency room physician who treated K.G. for her injuries. As part of her testimony, Dr. Dines testified K.G. suffered from a subdural hematoma, a condition that is more generally referred to as a bleeding in the brain. When asked about the potential danger of suffering from a subdural hematoma, Dr. Dines' testified that such an injury could be fatal. Gearhart did not object to this testimony.

{¶ 7} Dr. Dines also testified that K.G. suffered other significant injuries; namely, that K.G.'s three front teeth were knocked out, and that K.G. suffered a fractured cheek bone, bruising and abrasions to her face, as well as a sprained left shoulder and wrist. Photographs of K.G.'s injuries were submitted to the trial court. These photographs depict K.G. with dark bruising and abrasions on her chin, mouth, cheeks, nose, and eyes. Gearhart did not present any evidence in his defense.

{¶ 8} After taking the matter under advisement, the trial court found Gearhart guilty of the three above-named offenses.[2] The matter then proceeded to sentencing, where, after merging one of the domestic violence counts with the single count of felonious assault, the trial court sentenced Gearhart to serve four years in prison. The trial court also ordered Gearhart to pay approximately $5,000 in restitution to K.G. for uncovered medical expenses and notified Gearhart that he would be subject to a mandatory three-year postrelease

---

2. Gearhart was also charged with driving while under the influence of alcohol. Gearhart was acquitted of this charge.

control term.

{¶ 9} In reaching this sentencing decision, the trial court noted that Gearhart had given three different explanations as to how K.G. was injured when talking to police following his arrest, but that "none of them are true." The trial court also noted that it had viewed the video recording of the incident taken from the Gearhart's in-home security camera more than 20 times and found it "very clear" that Gearhart had assaulted both K.G. and M.L. as alleged. Gearhart now appeals from his conviction, raising two assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING OBJECTIONS TO DR. DINES' IMPROPER OPINION TESTIMONY DURING DIRECT EXAMINATION.

{¶ 12} In his first assignment of error, Gearhart argues the trial court erred by overruling his objection to certain so-called "opinion testimony" offered by Dr. Dines regarding the possible cause of K.G.'s injuries; specifically, whether K.G. could have suffered a subdural hematoma by being slammed into a kitchen island and/or kitchen cabinets as K.G. testified. We disagree with Gearhart's claim.

{¶ 13} This court reviews a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *State v. Gerde*, 12th Dist. Clermont No. CA2016-11-077, 2017-Ohio-7464, ¶ 8. An abuse of discretion connotes more than an error of law or judgment; it implies the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Grindstaff*, 12th Dist. Clermont No. CA2013-09-074, 2014-Ohio-2581, ¶ 21. A decision is unreasonable when it is "unsupported by a sound reasoning process." *State v. Abdullah*, 10th Dist. Franklin No. 07AP-427, 2007-Ohio-7010, ¶ 16, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d

- 4 -

157, 161 (1990). This court "should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14, citing *State v. Smith*, 12th Dist. Fayette No. CA2007-10-035, 2008-Ohio-5931, ¶ 33.

**{¶ 14}** Gearhart argues the trial court erred by permitting Dr. Dines, whom he claims was offered as an expert witness, to express her opinion regarding a "possible" causal relationship between the subdural hematoma K.G. suffered and his actions in slamming K.G. into a kitchen island or kitchen cabinets as opposed to a "probable" causal relationship between the same. However, contrary to Gearhart's claim otherwise, the Ohio Supreme Court has found "expert witnesses in criminal cases can testify in terms of possibility rather than in terms of a reasonable scientific certainty or probability." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 77, citing *State v. D'Ambrosio*, 67 Ohio St.3d 185, 191 (1993). That is because, as noted by the Ohio Supreme Court, '"[q]uestions about the certainty of the scientific results are matters of weight'" for the trier of fact to determine. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 77, quoting *State v. Allen*, 5th Dist. Delaware No. 2009-CA-13, 2010-Ohio-4644, ¶ 157. Gearhart's claim otherwise lacks merit.

**{¶ 15}** In responding to Gearhart's argument, the state notes that Dr. Dines was not offered as an expert witness at trial, but instead as a fact witness who testified about the treatment she provided K.G. for her injuries once K.G. arrived at the emergency room. Although Dr. Dines most certainly could have been classified as an expert witness in this case, a review of the record supports the state's claim that Dr. Dines was never classified as such. Nevertheless, although Dr. Dines was offered merely as a fact witness, we find no error in the trial court's decision to permit Dr. Dines to testify in terms of "possibility" rather than in terms of "probability" regarding what may have caused K.G. to suffer a subdural hematoma.

{¶ 16} Pursuant to Evid.R. 701, a lay witness may testify in the form of opinions or inferences as long as the opinions or inferences are "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." If the lay witness' opinion is not rationally based on his or her perception, then the opinion is speculation, and as such, cannot be helpful to a determination of a fact in issue. *State v. Feerer*, 12th Dist. Warren No. CA2008-05-064, 2008-Ohio-6766, ¶ 23. Therefore, because Dr. Dines' testimony regarding the possible cause of K.G.'s subdural hematoma was based on her perception of K.G.'s injuries in relation to her extensive experience as an emergency room physician treating the same or substantially similar injuries to assault victims, the trial court did not err by overruling Gearhart's objection to Dr. Dines' testimony.

{¶ 17} Regardless, even if we were to find the trial court erred by overruling Gearhart's objection to Dr. Dines' testimony, due to the overwhelming evidence of Gearhart's guilt, the trial court's decision to admit Dr. Dines' testimony would constitute harmless error. "A reviewing court properly finds the erroneous admission of evidence harmless error where there is overwhelming evidence of guilt or some other indicia the error did not contribute to the conviction." *State v. Rowley*, 12th Dist. Clinton No. CA2016-10-019, 2017-Ohio-5850, ¶ 24, citing *State v. Pottorf*, 12th Dist. Warren No. CA2014-03-046, 2014-Ohio-5399, ¶ 20. That is certainly the case here. Therefore, because we find no merit to any of Gearhart's arguments raised herein, Gearhart's first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} APPELLANT'S TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 20} In his second assignment of error, Gearhart argues he received ineffective

assistance of counsel. We again disagree with Gearhart's claim.

{¶ 21} Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14. As a result, to prevail on an ineffective assistance of counsel claim, Gearhart must demonstrate (1) his trial counsel's performance fell below an objective standard of reasonableness, and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984); *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7. The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim. *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 22} As it relates to the first prong regarding his trial counsel's performance, Gearhart must show his trial counsel made errors so serious that he was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment to the United States Constitution. *State v. Miller*, 12th Dist. Clermont No. CA2011-04-028, 2012-Ohio-995, ¶ 27. On the other hand, as it relates to the second prong requiring a showing of prejudice, Gearhart must show that, but for his trial counsel's errors, there is a reasonable probability that the result of trial would have been different. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-053, 2014-Ohio-1584, ¶ 42. A "reasonable probability" is a probability that is sufficient to undermine confidence in the outcome. *State v. Graves*, 12th Dist. Clermont No. CA2015-03-022, 2015-Ohio-3936, ¶ 31, citing *Strickland* at 694.

{¶ 23} Gearhart raises several arguments in support of his ineffective assistance of counsel claim; namely, that his trial counsel was ineffective for (1) not renewing his objection to Dr. Dines' testimony discussed above; (2) not objecting to testimony from a paramedic when asked by the state if she had asked K.G. if she had any other injuries; (3) not objecting

to testimony from that same paramedic as to her opinion regarding the cause of K.G.'s injuries; (4) not objecting to testimony from a physician's assistant regarding his opinion as to whether a subdural hematoma, one of the many injuries K.G. was diagnosed with, could be fatal; and (5) not presenting any defense on his behalf. Yet, after a simple review of the record, it is clear that Gearhart's claims are nothing more than a challenge to his trial counsel's trial strategy in defending against the serious nature of the charges brought against him.[3]

{¶ 24} "The decision regarding which defense to pursue at trial is a matter of trial strategy, and trial strategy decisions are not the basis of a finding of ineffective assistance of counsel." *Kinsworthy* at ¶ 43, citing *State v. Murphy*, 91 Ohio St.3d 516, 524 (2001). It is not this court's role to second guess trial counsel's strategic decisions. *State v. Lloyd*, 12th Dist. Warren Nos. CA2007-04-052 and CA2007-04-053, 2008-Ohio-3383, ¶ 61. This includes the decision as to whether to call the defendant to testify on his own behalf. *State v. Huber*, 8th Dist. Cuyahoga No. 98128, 2013-Ohio-97, ¶ 9 ("[a] decision regarding whether to call a defendant to testify on his own behalf during the course of trial is a matter of trial strategy").

{¶ 25} The same is true regarding the manner that trial counsel chooses to cross-examine the state's witnesses for it is well-established that under certain circumstances "limited or no cross-examination of a witness may be the best strategy." *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 49. Gearhart's trial counsel specifically alluded to this fact as part of mitigation at sentencing, wherein his trial counsel

---

3. It should be noted, after reviewing the trial transcript submitted in this case, much of the testimony Gearhart claims his trial counsel was ineffective for failing to object to was testified to by multiple witnesses, oftentimes without any objection and/or in response to the trial court's own questioning of those same witnesses. For instance, although Gearhart argues his trial counsel was ineffective for not objecting to the physician assistant's testimony that a subdural hematoma could be fatal, as discussed in the statement of facts, Dr. Dines also testified, without objection, that a subdural hematoma could be fatal.

- 8 -

stated:

> And, Judge, you are obviously in a unique position where you – where this case was actually tried to you. And I think it's important to note that during these proceedings, there were only a few challenges from the defense, in large part.
>
> The State presented its case without challenges from us. Our challenges, though, dealt specifically with the felonious assault, how or where it was committed.

"The fact that trial strategy was ultimately unsuccessful * * * does not amount to ineffective assistance of counsel." *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 25.

{¶ 26} Contrary to Gearhart's claims otherwise, the "[f]ailure to make objections does not automatically constitute ineffective assistance of counsel[.]" *State v. Homer*, 12th Dist. Warren No. CA2003-12-117, 2006-Ohio-1432, ¶ 15, citing *State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, ¶ 168. "Trial counsel is not ineffective for choosing, for tactical reasons, not to pursue every possible trial objection." *State v. Raypole*, 12th Dist. Fayette No. CA2014-05-009, 2015-Ohio-827, ¶ 24. This is because, as this court has stated previously, "[o]bjections tend to disrupt the flow of a trial and are considered technical and bothersome by [the trier of fact]." *State v. Steele*, 12th Dist. Butler No. CA2003-11-276, 2005-Ohio-943, ¶ 100, citing *State v. Hill*, 75 Ohio St.3d 195, 211 (1996). Gearhart's claim otherwise lacks merit.

{¶ 27} Not only can Gearhart not establish that his trial counsel's performance fell below an objective standard of reasonableness, Gearhart has also not established that his trial counsel's performance subjected him to any resulting prejudice. Simply stated, the record in this case plainly establishes that Gearhart was not convicted as a result of his trial counsel's performance, but rather based on the overwhelming evidence of his guilt, most notably the video recording of the incident taken from the in-home security camera. In other

words, nothing about the disputed testimony Gearhart complains of had any impact on the outcome of trial, let alone a reasonable probability that the result would have been different. The same is true regarding Gearhart's claim that the "cumulative effect" of his trial counsel's alleged errors denied him a fair trial. The alleged errors by Gearhart's trial counsel, even when viewed cumulatively, do not show that there is a reasonable probability that, but for these alleged errors, the result of trial would have been different.

{¶ 28} After a full and thorough review of the record, we find it clear that Gearhart was provided a fair trial before the trial court judge, who, after taking the matter under advisement, found Gearhart guilty of domestic violence and felonious assault. In a bench trial, the trial court is presumed to consider only relevant, competent evidence in reaching its decision unless the appellant makes an affirmative showing to the contrary. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 174, citing *State v. Post*, 32 Ohio St.3d 380, 384 (1987). Gearhart has made no such affirmative showing here.

{¶ 29} The overwhelming evidence supports the trial court's decision finding Gearhart guilty of domestic violence and felonious assault. The record also supports the trial court's decision to sentence Gearhart to serve four years in prison. Therefore, because Gearhart cannot make an adequate showing on either prong necessary to establish a claim of ineffective assistance of counsel, Gearhart's claim that he received ineffective assistance of counsel lacks merit. Accordingly, finding no merit to any of Gearhart's claims raised herein, Gearhart's second assignment of error is overruled.

{¶ 30} Judgment affirmed.


RINGLAND and HENDRICKSON, JJ., concur.