[Cite as *State v. King*, 2019-Ohio-833.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-04-047 |
| | : | O P I N I O N |
| - vs - | | 3/11/2019 |
| | : | |
| DAVID RANDALL KING, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR32488


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

James A. Anzelmo, 446 Howland Drive, Gahanna, Ohio 43240, for appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, David King, appeals his conviction in the Warren County Court of Common Pleas for two counts of rape and one count of gross sexual imposition. For the reasons detailed below, we affirm.

{¶ 2} King is a familial relative to the young victim in this case. The victim had previously been removed from the care of her natural mother by a children services agency in Kentucky. King and his wife received custody of the victim and two of her siblings in 2011.

The state alleged the sexual abuse occurred between 2014 and 2015 when the victim was between the ages of five and six years old.

{¶ 3} For reasons not clear in the record, the victim was removed from King's house on October 23, 2015 and placed with a foster family. After living with the foster family for approximately six months, the victim approached the foster mother and asked her to speak privately because she "needed to tell [her] something very bad." The victim then told her foster mother that King had sexually abused her.

{¶ 4} On November 10, 2016, King was indicted on two counts of rape of a child under the age of 13 in violation of R.C. 2907.02(A)(1)(b) and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4). The state alleged that between January 1, 2014 and October 23, 2015, King repeatedly engaged in sexual conduct with the victim by performing cunnilingus on her and forcing her to perform fellatio on him. The state also alleged that King repeatedly had sexual contact with the victim.

{¶ 5} This matter proceeded to a jury trial. The state presented the testimonies of the victim, the victim's foster mother, various medical and mental health professionals, the lead detective, and professionals with Warren County Children's Services.

{¶ 6} The victim testified as to her date of birth and indicated that the sexual abuse occurred while she lived in King's house. The victim stated that the sexual acts occurred in King's bedroom when nobody else was around. King would lure the victim into his bedroom by promising her that she could play her favorite video game on his television. Once inside the bedroom, the victim testified that King would remove her clothing and touch her "front private" and "back private" with his hands. King also touched her "front private" with his mouth. The conduct made her feel "not very happy." Additionally, the victim stated that, while laying on King's bed, he put his "front private" inside her mouth, which also made her feel "not very good."

{¶ 7}   The remaining state witnesses detailed the investigations into the sexual abuse. The foster mother testified about the initial disclosure made by the victim and the report she made to authorities. The state also introduced the testimony of the forensic interviewer and the accompanying interview into evidence. In addition, the state introduced the testimony of a physician who conducted a physical examination of the victim. The physician indicated that the results of the victim's physical exam were normal but noted that such a finding is not inconsistent with sexual abuse.

{¶ 8}   King denied sexually abusing the victim and alleged the existence of a conspiracy to falsely accuse him of these crimes. King alleged that the victim was falsely accusing him of sexual abuse because her natural mother had coached her into making these allegations as a means of regaining custody of her children.

{¶ 9}   During trial, King testified in his own defense. King also introduced the testimony of his attorney in his children services case, his wife, his niece, and an expert witness who testified about memory. In so doing, King attempted to show that the victim's natural mother had the opportunity and motive to falsely accuse him of sexual abuse. King also claimed the forensic interviewer asked the victim leading questions that were suggestive of his guilt.

{¶ 10}  The jury found King guilty of all offenses listed in the indictment. The trial court sentenced King a prison term of 15 years to life. King now appeals, raising five assignments of error for review.

{¶ 11}  Assignment of Error No. 1:

{¶ 12}  THE TRIAL COURT ERRED BY BARRING DAVID KING FROM INTRODUCING EVIDENCE MATERIAL TO HIS DEFENSE, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO

CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 13} In his first assignment of error, King argues the trial court erred by barring him from introducing certain evidence, thus depriving him of due process and his right to a fair trial. King's argument is without merit.

{¶ 14} "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142 (1986). However, "this constitutional right is not absolute and does not require the admission of all evidence favorable to the defendant." *State v. Swann*, 119 Ohio St. 3d 552, 2008-Ohio-4837, ¶ 13. "'In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'" *Id.* at ¶ 14, quoting *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038 (1973).

Out-of-court statements

{¶ 15} King first argues that the trial court erred by excluding certain out-of-court statements. Though King acknowledges that out-of-court statements are generally inadmissible when offered for the truth of the matter asserted, he argues that the excluded statements were for purposes of impeachment.

{¶ 16} "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay testimony is inadmissible unless the testimony falls within one of the recognized exceptions. *State v. Barton*, 12th Dist. Warren No. CA2005-03-036, 2007-Ohio-1099, ¶ 43.

{¶ 17} "[A] trial court has broad discretion to determine whether a declaration should

be admissible as a hearsay exception." *State v. Dever*, 64 Ohio St.3d 401, 410 (1992). As a trial court has broad discretion in the admission or exclusion of evidence, unless the trial court has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court will not disturb the trial court's decision. *State v. Lark*, 12th Dist. Fayette No. CA2018-03-004, 2018-Ohio-4940, ¶ 35. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Gearhart*, 12th Dist. Warren No. CA2017-12-168, 2018-Ohio-4180, ¶ 13.

{¶ 18} Though King does not specifically cite the record with regard to any testimony excluded by the trial court, he alleges three categories of error. King maintains the trial court did not allow him to present evidence that: (1) the victim's mother told a children services caseworker that she was happy about the allegations against him, (2) the victim's grandmother "was also coaching the victim," and (3) the victim's mother admitted to the victim's father that she "coached [the victim] to make the allegations against" King.

{¶ 19} Following review, we find the trial court did not err or otherwise abuse its discretion by denying the introduction of the three categories of hearsay statements. As noted above, King failed to directly reference or cite the record regarding the specific statement excluded by the trial. King also failed to elaborate on his argument that the statements are not offered for the truth of the matter asserted, but rather as "impeachment." King only argues that the excluded evidence "impeached the prosecution's evidence that [King] sexually abused" the victim. However, merely alleging that a statement is used for "impeachment" does not render it admissible under the rules of evidence. *See, e.g., State v. Pitts*, 9th Dist. Medina No. 17CA0060-M, 2018-Ohio-3216, ¶ 26 ("[t]his Court will not create an argument on [a party's] behalf").

{¶ 20} King is required to show that the hearsay statements meet an applicable

exception. His general assertion of "impeachment" is unpersuasive. In this case, neither the victim's mother, nor the victim's grandmother were called to testify, and the alleged out-of-court statements fall within the definition of hearsay. Since the hearsay statements do not meet any of the relevant hearsay exceptions, they were inadmissible. Accordingly, the trial court did not err or abuse its discretion by excluding them from evidence.

Rape Shield

{¶ 21} King also argues that the trial court erred by excluding evidence that the victim had also been sexually abused by her brother.

{¶ 22} R.C. 2907.02(D) and 2907.05(E) govern the introduction of evidence pertaining to a victim's sexual history. Although the statutes are identically worded, R.C. 2907.02(D) applies to rape prosecutions, and R.C. 2907.05(E) applies to gross sexual imposition prosecutions. *State v. Kenney*, 10th Dist. Franklin No. 09AP-231, 2010-Ohio-3740, ¶ 18. The statutes are commonly referred to as "Ohio's rape shield laws." *Id.*

{¶ 23} Pursuant to both statutes:

> Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

R.C. 2907.02(D) and 2907.05(E).

{¶ 24} Those statutes are "not always applied literally, as in some instances, it might infringe upon a defendant's constitutional right to confront witnesses." *In re M.C.*, 10th Dist. Franklin No. 12AP-618, 2013-Ohio-2109, ¶ 61. Courts have recognized that, despite the language in R.C. 2907.02(D) and 2907.05(E), evidence of prior sexual abuse to a victim, who is a child of tender years, may be admissible for the defense to show the source for the

child's sexual knowledge. *Kenney* at ¶ 20. That evidence attempts to "dissuade" a factfinder "from concluding that a defendant must be guilty of sex offenses being prosecuted, given the extraordinary sexual knowledge of a child victim of tender years." *Id.* "Through the evidence of a child's prior sex abuse, the defendant attempts to exonerate himself by showing that the child's sexual knowledge was attributable to another person's misconduct." *Id.* However, there must be "clear proof" that the prior acts occurred. *Id.*

{¶ 25} King cites *In re Michael*, 119 Ohio App.3d 112 (2d Dist.1997), as support for his argument. In that case, the defendant, who denied any wrongdoing, appealed from his convictions for rape, attempted rape, and gross sexual imposition of a minor. *Id.* at 118. The defendant argued, in part, that the trial court erred in applying the rape shield law to exclude evidence of the minor's prior sexual abuse by another. *Id.* at 119. At trial, the state presented an expert witness who testified that the minor's conversance in matters of sex was an indicator of sexual abuse. *Id.* at 117. Therefore, on appeal, the defendant argued that excluding evidence of the minor's prior abuse prevented him from showing an alternative source of the minor's sexual knowledge. *Id.* at 119. In response, the Second District found it probative that the minor had previously been victimized in a similar manner by another because the victim was such a young age that his sexual knowledge was inappropriate. *Id.* at 120-121. As a result, the Second District held it was proper for the jury to know the victim had previously been sexually abused. *Id.*

{¶ 26} In the present case, King sought to admit allegations that the victim's brother had been discovered "naked, or just wearing underwear, while on top of" the victim. The trial court found the information provided by King was inadmissible because it came from an unknown source and there was no evidence that the victim's brother had been charged or adjudicated for his alleged conduct. In addition, the trial court noted that the conduct described was not identical, or even similar, to the conduct alleged between the victim and

King.

{¶ 27} Following review, we concur with the judgment of the trial court. In this case, the state did not suggest that the victim's knowledge about sexual acts was proof that she was telling the truth and had been abused by King, as was the case in *Michael*. Furthermore, we agree that the conduct alleged between the victim and her brother was not sufficiently established. In a brief filed with the trial court, King initially failed to indicate a source for the allegation, but in a subsequent filing indicated that his wife may have observed the offending conduct. Nevertheless, as correctly noted by the trial court, there is no evidence that the victim's brother was ever charged, adjudicated, or even investigated for the alleged conduct. Based on the information contained in the record, we find the trial court did not err by excluding the evidence that the victim had also been sexually abused by her brother, as is required by the rape shield laws. As a result, we find the trial court did not abuse its discretion and overrule King's first assignment of error.

{¶ 28} Assignment of Error No. 2:

{¶ 29} THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING M.K. COMPETENT TO TESTIFY, IN VIOLATION OF DAVID KING'S RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION, AND HIS RIGHT TO A FAIR TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 30} In his second assignment of error, King argues the trial court erred by allowing the victim to testify because she did not indicate during her competency hearing that she understood the concept of being truthful. We disagree.

{¶ 31} Pursuant to Evid.R. 601, "[e]very person is competent to be a witness except * *

* children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." It is the duty of the trial court to conduct an examination of a child less than ten years old to determine the child's competency to testify. *State v. English*, 12th Dist. Butler No. CA2013-03-048, 2014-Ohio-441, ¶ 24. In determining whether a child under ten years old is competent to testify, the trial must take into consideration: "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *State v. Frazier*, 61 Ohio St.3d 247, 251 (1991).

{¶ 32} A child witness under ten years old may be competent to testify even though the child is unable to recollect all of the facts of a given situation. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 76. The child's answers must demonstrate that the child "can perceive and recall generally and understands the concept of truthfulness." *Id.* A trial court's finding that a child under the age of ten is competent to testify shall not be disturbed, absent an abuse of discretion. *English* at ¶ 25.

{¶ 33} Here, the trial court conducted an examination of the victim to determine her competency to testify. During the examination, the victim stated her full name, where she went to school, the town where her school was, her grade, her age, her favorite subject, where she lived, and the number of dogs she had. The victim also stated that she knew what it meant to tell the truth. In addition, the victim testified that she knew when she said something that wasn't true and sufficiently explained why it wasn't true. The victim indicated that she understood that she got in trouble when she didn't tell the truth and promised to tell the truth when discussing what King had done to her. As a result, the trial court found that

the victim knew the difference between the truth and a lie and that she agreed to tell the truth.

{¶ 34} Upon review, we find the trial court did not abuse its discretion when it permitted the victim to testify. As indicated by the competency hearing, the victim was able to answer questions appropriately and indicated that she knew the difference between truth and falsity and agreed to tell the truth. In short, King's conclusory argument regarding the victim's indication of truthfulness is rebutted by the record. As a result, we find the trial court had a sufficient basis upon which to declare the victim competent and, thus, did not abuse its discretion in permitting her to testify. Accordingly, we overrule King's second assignment of error.

{¶ 35} Assignment of Error No. 3:

{¶ 36} THE TRIAL COURT PLAINLY ERRED BY FAILING TO INSTRUCT THE JURY THAT IT MUST UNANIMOUSLY AGREE ON THE SAME SPECIFIC INCIDENT OF SEX ABUSE WITHIN EACH COUNT IN THE INDICTMENT AGAINST DAVID KING, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS OF LAW, A FAIR TRIAL, JURY UNANIMITY, AND THE DOUBLE JEOPARDY PROTECTIONS PURSUANT TO THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶ 37} In his third assignment of error, King argues the jury instructions were insufficient to ensure a unanimous verdict and prevent violations of his constitutional rights. We disagree.

{¶ 38} King concedes that he did not object to the jury instructions at the time they were given. As such, plain error is the proper standard of review. Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. *State v. McCrone*, 12th Dist. Warren

No. CA2018-01-007, 2019-Ohio-337, ¶ 28. Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Grisham*, 12th Dist. Warren No. CA2013-12-118, 2014-Ohio-3558, ¶ 38. Therefore, we will not reverse the trial court's decision unless the outcome of trial would have been different but for the alleged error. *State v. Dougherty*, 12th Dist. Preble No. CA2013-12-014, 2014-Ohio-4760, ¶ 54.

{¶ 39} The victim reported that King had touched her with his hands "more than one time," put his mouth on her private "a lot of times," and put his private inside her mouth "more than one time." Nevertheless, King was charged with only one count for each sexual act. The bill of particulars specified that the two counts of rape involved separate acts of sexual conduct for fellatio and cunnilingus. Count three involved sexual contact with the victim where King placed his hands down the victim's pants. Furthermore, during closing argument the state specified that each count was related to separate acts for fellatio, cunnilingus, and sexual contact. The trial court also differentiated each count during its oral instructions to the jury.

{¶ 40} Following review, we find the trial court did not err in its jury instructions. As noted above, the charges were separate and distinct, and the jury was made aware of the separate conduct or contact alleged on each count. The jury heard evidence that King forced the victim to perform fellatio on him, performed cunnilingus on the victim, and had sexual contact with the victim. King did not suffer any plain error that resulted in a manifest miscarriage of justice. As a result, King's third assignment of error is overruled.

{¶ 41} Assignment of Error No. 4:

{¶ 42} DAVID KING'S CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16,

ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 43} Assignment of Error No. 5:

{¶ 44} DAVID KING'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 45} In his fourth and fifth assignments of error, King argues that his convictions are not supported by sufficient evidence and are against the manifest weight of the evidence. We will address both arguments together.

{¶ 46} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 47} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-

08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 48} Rape is defined under R.C. 2907.02 and provides "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person is less than thirteen years of age[.]" Sexual conduct includes, inter alia, fellatio and cunnilingus. R.C. 2907.01(A).

{¶ 49} Gross sexual imposition is defined in R.C. 2907.05, which states:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> * * *
>
> (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶ 50} The Revised Code defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶ 51} A precise time and date are not ordinarily essential elements of an alleged offense. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 36. In sexual abuse cases involving children, it may be impossible to provide a specific date. *Id.* "The problem is compounded where the accused and the victim are related or reside in the same household, situations which often facilitate an extended period of abuse. An allowance for reasonableness and inexactitude must be made for such cases." *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 12.

{¶ 52} As previously noted, the victim testified that King sexually abused her during the time that she resided in his home. The victim testified that King put his mouth on her "front

private" after removing her clothes. The victim also testified that King's "front private" touched her on the inside of her mouth. The victim identified her "front private" by pointing to the vagina on an anatomical drawing of a girl and King's "front private" by pointing to the penis on an anatomical drawing of a boy. This testimony sufficiently describes two different types of sexual conduct. In addition, the victim testified that King removed her clothing and touched her "front private" and "back private" with his hands, which constitutes sexual contact.

{¶ 53} Based on the evidence presented at trial, we conclude the jury's verdict was not against the manifest weight of the evidence. The jury did not clearly lose its way in concluding that King was guilty of two counts of rape and one count of gross sexual imposition. On appeal, King argues that the victim was inconsistent, not credible, and did not exhibit any physical evidence of sexual abuse. King also maintains that the investigation was flawed and problematic in that the forensic interviewer asked leading questions. King also notes that a purported recording between the victim and her foster mother went missing, which he alleges makes the foster mother's testimony "problematic." Finally, King maintains that the jury's verdict was improper due to the "extensive evidence" of false accusations against him.

{¶ 54} While King continues to deny the allegations against him, the jury was free to infer otherwise. Acting as trier of fact, the jury, was in the best position to judge the credibility of the witness. The state presented sufficient evidence from which the jury could reasonably conclude that King was guilty of two counts of rape and one count of gross sexual imposition. As his conviction was not against the manifest weight of the evidence, it necessarily follows that it was also based on sufficient evidence. King's fourth and fifth assignments of error are therefore overruled.

**{¶ 55}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.